**Sammy NARANJO,**
**Petitioner–Appellant,**

v.

**Harry B. JOHNSON, Superintendent, Fremont Correctional Facility, Canon City, Colorado, Respondent–Appellee.**

**No. 87SA311.**

Supreme Court of Colorado,
En Banc.

March 27, 1989.

Sammy Naranjo, Canon City, pro se.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Terrence A. Gillespie, Asst. Atty. Gen., Denver, for respondent-appellee.

ERICKSON, Justice.

This pro se appeal was taken by petitioner Sammy Naranjo from the denial of his application for issuance of a writ of habeas corpus. The district court denied the petition for habeas corpus and advised the petitioner that he may have a good issue, but that the issue is more properly addressed to the sentencing court in Larimer County under Crim.P. 35(c). The trial judge pointed out that the petitioner unsuccessfully applied for a writ of habeas corpus on the same issue in civil action No. 88CV244 in Division II of the District Court for Fremont County. In this case the petitioner did not seek relief pursuant to Crim. P. 35(c) which provides a procedure to obtain postconviction relief. Rather, he limited his petition to the assertion of constitutional claims under section 13–45–103, 6A C.R.S. (1987), because his claim could not, under the circumstances of this case, be addressed under Crim.P. 35(c). Accordingly, we reverse and remand to the district court with directions to hear the petitioner's claim for habeas corpus.[1]

---

**1.** The procedure for obtaining relief by habeas corpus is set out in section 13–45–101(1), 6A C.R.S. (1987), and provides:

If any person is committed or detained for any criminal or supposed criminal matter, it is lawful for him to apply to the supreme or district courts for a writ of habeas corpus, which application shall be in writing and signed by the prisoner or some person on his behalf setting forth the facts concerning his imprisonment and in whose custody he is detained, and shall be accompanied by a copy of the warrant of commitment, or an affidavit that the said copy has been demanded of the person in whose custody the prisoner is detained, and by him refused or neglected to be given. The court to which the application is made shall forthwith award the writ of habeas corpus, unless it appears from the petition itself, or from the documents annexed, that the party can neither be discharged nor admitted to bail nor in any other manner relieved. Said writ, if issued by the court, shall be under the seal of the court, and directed to the person in whose custody the prisoner is detained, and made returnable forthwith.

Postconviction relief of the type sought by the petitioner is not available under the provisions of Crim.P. 35(c)(2), which states:

(2) Notwithstanding the fact that no review of a conviction of crime was sought by appeal within the time prescribed therefor, or that a judgment of conviction was affirmed upon appeal, every person convicted of a crime is entitled as a matter of right to make application for postconviction review upon the grounds hereinafter set forth. Such an application for postconviction review must, in good faith, allege one or more of the following grounds to justify a hearing thereon:

(I) That the conviction was obtained or sentence imposed in violation of the Constitution or laws of the United States or the constitution of this state or laws of this state;

(II) That the applicant was convicted under a statute that is in violation of the Constitution of the United States or the constitution of this state, or that the conduct for which the applicant was prosecuted is constitutionally protected;

(III) That the court rendering judgment was without jurisdiction over the person of the applicant or the subject matter;

(IV) That the sentence imposed exceeded the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law;

(V) That there exists evidence of material facts, not theretofore presented and heard, which, by the exercise of reasonable diligence, could not have been known to or learned by

## I.

Previously, we have reviewed the petitioner's and his co-defendant's convictions on two occasions. *See People v. Naranjo,* 200 Colo. 1, 612 P.2d 1099 (1980) (*Naranjo I*); *People v. Naranjo,* 200 Colo. 11, 612 P.2d 1106 (1980) (*Naranjo II*). In *Naranjo I,* we reversed petitioner's conviction for first-degree kidnapping and vacated the life sentence imposed with a recommendation he "not be eligible for parole prior to twenty two years." We remanded the case for sentencing on the lesser offense of second degree kidnapping and upheld the petitioner's conviction of sexual assault and the accompanying forty-five and one-half to fifty year sentence. The recommendation as to parole eligibility that was made when the life sentence was imposed for first-degree kidnapping was of no force and effect after *Naranjo I* was decided, and also does not conform to the indeterminate to ten-year sentence that was imposed for second degree kidnapping. The petitioner sought habeas corpus in the Fremont County District Court because of his confinement in the state penitentiary in Canon City.

Naranjo's petition for habeas corpus challenges the construction and application of sections 17–2–204 and –207, 8A C.R.S. (1986), governing eligibility for parole in such a manner that he must serve more than twenty years of his sentence for the class two felony of first-degree sexual assault before he can be considered for parole, while persons sentenced for more serious class-one felonies during the same time period are eligible for parole in ten years. Naranjo asserts, though not artfully, that the statutes on which this disparity is based are either unconstitutional on their face or as applied by the department of corrections because they deny him equal protection of the laws and impose cruel and unusual punishment. The question before us is the availability of habeas corpus as a means to test the legal merit of these contentions.

## II.

In *Marshall v. Kort,* 690 P.2d 219 (Colo. 1984), we held that a petitioner found not guilty by reason of insanity and committed to the Colorado State Hospital could challenge the conditions of his confinement and assert a constitutional right to treatment by way of habeas corpus. *Id.* at 220, 223, 225. We reached this conclusion even though the habeas corpus statute does not specifically provide for relief based on the conditions of a petitioner's confinement. We recognized that the essential purpose of the writ of habeas corpus "demands that it be administered with the initiative and flexibility to insure that miscarriages of justice within its reach are surfaced and corrected." *Id.* at 222 (quoting *Harris v. Nelson,* 394 U.S. 286, 290, 89 S.Ct. 1082, 1086, 22 L.Ed.2d 281 (1969)). We further noted that "any restriction in excess of legal restraint that substantially infringes on basic rights may be remedied through habeas corpus, even if total discharge does not result." *Marshall v. Kort,* 690 P.2d at 222. Moreover, habeas corpus is available when the petitioner "is deprived of some right to which, even in his confinement, he is lawfully entitled." *Id.* (quoting *Ex Parte Rider,* 50 Cal.App. 797, 195 P. 965, 966 (1920)).

Naranjo alleges that the respondent, who is the superintendent of the Fremont Correctional Facility, has determined that Naranjo will not be eligible to apply for parole until he has served twenty years of his forty-five and one-half to fifty year sentence for first-degree sexual assault. Naranjo asserts that the statutes upon which the superintendent bases this conclusion are unconstitutional, either on their face or as applied. Naranjo further asserts that

the defendant or his attorney prior to the submission of the issues to the court or jury, and which requires vacation of the conviction or sentence in the interest of justice;

(VI) Any grounds otherwise properly the basis for collateral attack upon a criminal judgment; or

(VII) That the sentence imposed has been fully served or that there has been unlawful revocation of parole, probation, or conditional release.

he has already served ten years of his sentence and therefore should be eligible for parole consideration at this time.

## III.

Crim.P. 35(c) provides broad and inclusive postconviction remedies, but does not provide an avenue for relief in this case. In our view Naranjo's confinement in the state penitentiary in Fremont County, accompanied by statutory limitations on his right to parole consideration that are allegedly unconstitutional, causes the District Court of Fremont County to be the proper forum for review of the claim for habeas corpus. Appropriate grounds for relief under Crim.P. 35(c) include allegations that the defendant's sentence was imposed in violation of the constitution or laws of the United States or Colorado. Crim.P. 35(c)(2)(I). Additionally, a party aggrieved under Crim.P. 35(c) must claim either a right to be released or to have a judgment of conviction set aside on one of the grounds enumerated in Crim.P. 35(c)(2). Crim.P. 35(c)(3). Naranjo makes no such claim.

In this instance, Naranjo specifically did not challenge the imposition of his sentence, nor did he assert a right to be released or to have his conviction set aside. Instead, Naranjo argued only that he is being unconstitutionally denied the opportunity to be considered for parole. Because Naranjo's allegations do not challenge the imposition of his sentence, do not assert a right to be released or to have his conviction overturned, and do not assert any other basis for relief under Crim.P. 35(c), the district court incorrectly stated that his claim was "more properly addressed" under Crim.P. 35(c).[2]

Although Naranjo's claims do not state a basis for relief under Crim.P. 35(c), Naranjo has raised specific allegations of violations of his constitutional rights, and "a forum should be provided to hear such serious claims." *Marshall v. Kort,* 690 P.2d at 224. In this case, review is provided under the habeas corpus statutes. Review of Naranjo's claims by way of habeas corpus is consistent with the application of the writ adopted by this court in *Marshall v. Kort,* 690 P.2d 219 (Colo.1984).

Naranjo claims that he was deprived of some right to which, even in his confinement, he was lawfully entitled. *See id.* at 222. Moreover, Naranjo has requested relief short of a total discharge from custody. In *Marshall v. Kort,* we recognized that such issues may be raised properly by way of a claim for habeas corpus. 690 P.2d at 222. Additionally, because Naranjo's claims are insufficient for post-conviction relief under Crim.P. 35(c), his application satisfies the general condition that habeas corpus relief is available only when other relief is not available. *See, e.g., Blevins v. Tihonovich,* 728 P.2d 732, 733 (Colo.1986). Finally, the availability of habeas corpus relief for Naranjo's claims is consistent with the application of the general policies underlying postconviction remedies[3] and would also serve the interests of finality and judicial economy.[4]

**2.** In *White v. Denver District Court,* 766 P.2d 632 (Colo.1988), we held that an insufficient habeas corpus petition should be treated as a Crim.P. 35(c) motion in order to provide review on the merits of the claims raised by the petitioner. However, in *White* the petitioner had asserted claims cognizable under Crim.P. 35(c). *White,* 766 P.2d at 636. In the instant case, Naranjo's claims do not raise any issues cognizable under Crim.P. 35(c). *Cf. People v. Shackelford,* 729 P.2d 1016, 1017 (Colo.App.1986) (claim that Department of Corrections is improperly calculating prisoner's good-time credits is not cognizable under Crim.P. 35(c), at least until prisoner, by his own calculations, is entitled to release). Accordingly, the trial court could not properly treat Naranjo's habeas corpus petition as a Crim.P. 35(c) motion.

**3.** *See, e.g., People v. Turman,* 659 P.2d 1368, 1370 (Colo.1983) ( [T]he "protection of constitutional rights requires that postconviction remedies be broad and flexible.").

**4.** *See* ABA *Standards for Criminal Justice* 22–4.2 n. 1 (1980) (commentary) ("An applicant whose pleading is dismissed as insufficient is induced to try again with a better pleading. This is not conducive to real finality, which follows from dispositions on the merits rather than on the quality of the pleadings.").

Accordingly, the Fremont County District Court erred by dismissing Naranjo's application for habeas corpus. We reverse and remand the case to the district court with directions to hold a hearing on the merits of Naranjo's application for habeas corpus.

MULLARKEY, J., does not participate.