Donna GARCIA, Petitioner–Appellee,

v.

Harold CARMEL, Superintendent,
Colorado Mental Health Institute
at Pueblo, Respondent–Appellant,

Mark McKinna, Superintendent, Women's
Correctional Facility, Colorado Depart-
ment of Corrections, Respondent.

No. 93SA180.

Supreme Court of Colorado,
En Banc.

May 9, 1994.

David F. Vela, State Public Defender, Vic-
tor I. Reyes, Deputy State Public Defender,
Pueblo, for petitioner-appellee.

Gale A. Norton, Atty. Gen., Stephen K.
ErkenBrack, Chief Deputy Atty. Gen., Timo-
thy M. Tymkovich, Sol. Gen., Paul Farley,
Deputy Atty. Gen., John August Lizza, First
Asst. Atty. Gen., Thomas S. Parchman, Asst.
Atty. Gen., Human Resources Section, Den-
ver, for respondent-appellant.

No appearance for respondent Mark
McKinna.

Justice LOHR delivered the Opinion of the
Court.

This is an appeal by respondent Harold
Carmel, M.D., the superintendent of the Col-
orado Mental Health Institute at Pueblo (the
Institute), from the judgment of the Pueblo
County District Court granting in part a
petition for habeas corpus filed on behalf of
Donna Garcia (the petitioner). Because we
conclude that the petitioner's claims are not
cognizable by habeas corpus, we reverse the
judgment of the district court and remand
for further proceedings in accordance with
this opinion.

I

In 1987, the petitioner was convicted of
vehicular homicide, § 18–3–106, 8B C.R.S.
(1986), a class 4 felony, and was sentenced to
four years in the Department of Corrections
(DOC). This conviction was in the Jefferson
County District Court. In 1988, the petition-

er sustained a conviction in the Fremont County District Court for second-degree assault while lawfully confined, § 18–3–203(1)(f), 8B C.R.S. (1986), a class four felony. The petitioner was sentenced to the DOC for eight years and one day for that offense, and her sentence was to run consecutively to the Jefferson County District Court sentence she was then serving.

On September 12, 1991, the petitioner was committed to the Department of Institutions (DOI) by two separate orders of the Fremont County District Court (the committing court). In Case No. 91CR112, the petitioner was adjudicated not guilty by reason of insanity regarding the charge of second-degree assault while lawfully confined, founded on acts committed on March 21, 1991. In Case No. 91CR160, the committing court found the petitioner not guilty by reason of insanity regarding the charge of second-degree assault while lawfully confined, founded on acts committed on June 9, 1991. Both orders committed the petitioner to "the Department of Institutions until such time as she may be found eligible for release as provided by law."

On March 10, 1993, the petitioner, through counsel, a deputy state public defender, filed a petition for writ of habeas corpus in the Pueblo County District Court. The named respondents were Carmel, as the superintendent of the Institute, and Mark McKinna, as the superintendent of the Women's Correctional Facility, Colorado Department of Corrections. The petitioner alleged that she was currently serving a dual commitment to the Women's Correctional Facility in Cañon City and to the Institute. The petition stated that criminal charges were pending against the petitioner in the Pueblo County District Court and that she had pleaded not guilty by reason of insanity to those charges. The pending charges arose from an incident in March 1992 in which the petitioner allegedly assaulted a nurse at the Institute.

The petitioner further asserted that since April 1992, she had "been 'warehoused' at the Women's Correctional Facility without the benefit of any therapy or treatment program." She contended that the respondents had "neglected the Petitioner, ignored her constitutional right to treatment, and allowed her to further deteriorate in prison." The petitioner asked that a writ of habeas corpus be issued to the respondents to appear and justify her lack of treatment and that she be provided with an appropriate treatment plan.

The district court issued the writ. At a hearing on March 15, 1993, the court was informed that the petitioner was "in transport" from the Women's Correctional Facility to the Institute, and that she was therefore presently in the custody of the DOI at the Institute. Following the initial hearing, the court found that it could properly exercise jurisdiction over the petitioner's lack of treatment claim under *Marshall v. Kort*, 690 P.2d 219 (Colo.1984). The district court also stated that, based on the petitioner's dual commitments, it appeared that she was entitled to appropriate treatment whether she was in the custody of the DOI or the DOC. The court ordered the Institute, the DOI, and the DOC to provide the court with any and all documents showing transfers of the petitioner from 1987 to the present, any notices of hearings pursuant to sections 17–23–101 to –103, 8A C.R.S. (1986 & 1993 Supp.),[1] the transcripts of any such transfer hearings if available, and "all treatment plans from May 9, 1987 to-date for the Petitioner, copies of treatment plan reviews, if any, and the dates and locations of those reviews, and any other [pertinent] documents...."

Finally, the district court noted that the public defender who had filed the petition for habeas corpus on the petitioner's behalf had been appointed to represent her in the assault case pending in the Pueblo County District Court. Citing section 21–1–103(2),

---

1. §§ 17–23–101 to –103, 8A C.R.S. (1986 & 1993 Supp.), provide for transfer of mentally ill or retarded persons from correctional facilities to the Institute for observation and treatment, and for return of such persons to the correctional facilities upon recovery. These statutes also provide for the confinement of dangerous mentally ill or retarded persons in suitable secure facilities after notice and hearing. The statutes prescribe the criteria and procedures for effecting such transfers and the general nature of the treatment to be given to mentally ill or retarded persons in the facilities in which they are placed.

8B C.R.S. (1993 Supp.),[2] the court appointed the public defender to represent the petitioner in the habeas corpus proceeding.

The district court conducted an evidentiary hearing on April 13, 1993. In a written "Order Regarding Treatment" dated May 18, 1993, it found that in March 1992, the petitioner was alleged to have assaulted a nurse at the Institute and that in March or April 1992, the petitioner was transported to the DOC where she remained until March 22, 1993, twelve days after the petition for habeas corpus was filed. The district court determined that prior to the filing of the habeas corpus petition, and after her placement at the DOC, the petitioner did not have a written treatment plan that had been implemented. The court also found that the counsel for the DOI had admitted that the petitioner's 1992 transfer to the DOC did not comply with sections 17–23–101 to –103. In particular, the petitioner was not given notice of the transfer and was not afforded a hearing on the transfer.

The court stated that the petitioner's present treatment plan had not been developed by the DOI until fifteen days after the petition for habeas corpus was filed. The district court concluded, however, that this treatment plan was appropriate under the judicial review standards of *Kort v. Carlson*, 723 P.2d 143, 148–50 (Colo.1986), and that the petitioner's present right to treatment was not being denied.

The court further determined that the petitioner "did not receive substantially equivalent adequate treatment from March/April of 1992 through March 25, 1993,[3] and that she has a treatment plan in effect now *only because* her attorneys filed the Petition for Writ of Habeas Corpus herein." The court concluded that the DOI and the DOC were aware of their statutory duties regarding transfer but chose to ignore them, and they were aware of their statutory duties regard-

ing treatment but ignored them. Therefore, although it found that the petitioner's current treatment plan was legally adequate, the court decided to monitor the DOC and the DOI on a continuing basis to ensure that the petitioner was receiving appropriate treatment.

Respondent Carmel appealed the judgment of the district court, contending that: (1) the Pueblo County District Court was without habeas corpus jurisdiction to hear treatment issues regarding the petitioner, who was committed by the Fremont County District Court; (2) the district court exceeded its jurisdiction and abused its discretion by "considering allegations of past and future rights violations"; and (3) the petitioner did not have a right to appointed counsel in a habeas corpus proceeding.

Because we agree with the respondent's first contention, we need not and do not reach the second or the third.

## II

■ After the petition for habeas corpus was filed, and after the district court conducted the hearings and made its rulings, we held in *Jacobs v. Carmel*, 869 P.2d 211 (Colo. 1994), that

[t]he committing court has subject matter jurisdiction under section 16–8–115, 8A C.R.S. (1986 & 1993 Supp.), to hear and determine questions regarding the unconditional or conditional release of a person committed after a finding of not guilty by reason of insanity or not guilty by reason of impaired mental condition. Similarly, under *[People v.] Gilliland,* [769 P.2d 477 (Colo.1989)], the committing court has subject matter jurisdiction "to hear and determine issues relating to the care and treatment of a defendant committed to the Department of Institutions as a result of

---

**2.** § 21–1–103(2), 8B C.R.S. (1993 Supp.), provides in relevant part:

[Subject to an exception not relevant here], the state public defender shall represent ... persons held in any institution against their will by process or otherwise for the treatment of any disease or disorder or confined for the protection of the public....

**3.** § 17–23–103(2), 8A C.R.S. (1993 Supp.), provides:

(2) The [DOC] shall provide patients transferred to a correctional facility with psychiatric care and treatment substantially equivalent to that provided patients confined at the Colorado mental health institute at Pueblo or Fort Logan.

an insanity adjudication...." 769 P.2d at 483. If a criminally committed petitioner were permitted to challenge his treatment by way of habeas corpus, there would be the possibility of conflicting orders issued by the habeas corpus court and the committing court. We therefore disapprove the specific holding of *Marshall [v. Kort]* that habeas corpus relief is available to a petitioner criminally committed to the Department of Institutions to challenge a lack of treatment.

*Id.* at 214–15 (footnote omitted). The petitioner has not suggested that the court's orders and judgment may stand on any jurisdictional basis other than habeas corpus. The judgment of the district court, including the appointment of the public defender as counsel for the petitioner in the habeas corpus proceeding, must therefore be reversed. The question remains, however, whether the proceedings should be dismissed or whether they should be transferred to the committing court.

██ *Jacobs* had not been decided when the district court held the hearings and made its rulings. In the interest of judicial economy, we therefore remand this case to the district court with directions that it transfer the proceeding, and the record of the proceeding, to the committing court, the Fremont County District Court, for such further proceedings as the latter court deems appropriate.[4]

---

**4.** After *Jacobs* was decided, the petitioner filed a motion in this court to remand the proceedings to the district court for an order consistent with *Jacobs.* By way of this opinion we have granted the petitioner's motion in part. In his response to the motion for remand, respondent Carmel asks that we "provid[e] guidance to the committing courts as to the scope and manner of [insufficient treatment] hearings." This issue was not addressed by the district court because that court was not the committing court, and we decline to reach it here.