23CA1653 Peo v Vigil 02-26-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1653
El Paso County District Court No. 19CR8294
Honorable Erin Sokol, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Isaac Vigil,

Defendant-Appellant.

---

ORDERS AFFIRMED

Division II
Opinion by JUDGE FOX
Kuhn and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 26, 2026

---

Philip J. Weiser, Attorney General, Jaycey DeHoyos, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Kamela Maktabi, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Isaac Vigil, appeals the district court's orders denying his Crim. P. 35(c) motion and his motion to reconsider. We affirm.

## I.     Background

¶ 2     As part of a plea agreement, Vigil pleaded guilty to sexual assault and unlawful sexual contact. The district court sentenced him to a controlling sentence of ten years to life of sex offender intensive supervised probation (SOISP) with four years of community corrections as a condition of probation. Two years later, the probation department filed a complaint to revoke Vigil's probation. Vigil admitted the alleged violations, and the court resentenced him to two years to life in the custody of the Department of Corrections (DOC).

¶ 3     With counsel's assistance, Vigil filed a Crim. P. 35(c) motion alleging that the Sex Offender Lifetime Supervision Act (SOLSA) was unconstitutional as applied to him. Vigil alleged that because SOLSA mandates sex offender treatment before a person can be released on parole, and because there are not currently enough available treatment options for eligible offenders like himself, he was effectively serving a life sentence. Vigil also alleged that the

lack of available treatment options results from the method the DOC uses to determine which inmates are referred for sex offender treatment. This method, he argued, violated his rights to procedural and substantive due process, equal protection, and his right to be free from cruel and unusual punishment. Last, he alleged that by not allowing access to treatment, the DOC violated the separation of powers doctrine by increasing his sentence beyond what the district court imposed. To remedy these constitutional violations, Vigil requested "his immediate release from the DOC."

¶ 4 The district court denied Vigil's motion in a written order. The court found that "[w]hile it is certainly possible that Defendant may be entitled to some relief from the DOC, Crim. P. 35(c) is not the proper avenue for seeking that relief."

¶ 5 Days later Vigil's counsel filed a motion to reconsider the district court's denial of his Crim. P. 35(c) motion. Counsel maintained that Crim. P. 35(c) was "the correct avenue for his claims" because his assertion is that "the sentence was imposed in violation of the Constitution." The district court disagreed. In denying the reconsideration request, the court reiterated that Vigil's claims were not cognizable under Crim. P. 35(c) because he was

challenging the manner in which the DOC was implementing the court-ordered sentence and not the constitutionality of the sentence itself.

## II. Discussion

¶ 6 On appeal, Vigil concedes, and we agree, that the claims raised in his Crim. P. 35(c) motion sounded in habeas corpus — namely, that the DOC's deprivation of his opportunity to participate in the treatment required for parole eligibility caused an unlawful restraint on his liberty and fundamental rights. *See* § 13-45-101, C.R.S. 2025; *see also Naranjo v. Johnson*, 770 P.2d 784, 787 (Colo. 1989) (The defendant's argument "that he is being unconstitutionally denied the opportunity to be considered for parole" is not cognizable under Crim. P. 35(c) but, rather, "review is provided under the habeas corpus statutes."). Consequently, the district court was correct when it concluded that Vigil's claims were not cognizable under Crim. P. 35(c).

¶ 7 Nevertheless, Vigil argues that the district court should have construed his motion as a habeas corpus petition. He points out that all district courts have subject matter jurisdiction to consider habeas petitions. *Jones v. Williams*, 2019 CO 61, ¶ 9. And a

document's substance, not its appellation or a defendant's characterization of the pleading, determines the legal nature of the claim. *See White v. Denv. Dist. Ct.*, 766 P.2d 632, 634 (Colo. 1988) (treating a habeas corpus petition as a Crim. P. 35 motion based on the substantive issues raised in — rather than the label placed on — the pleading).

¶ 8    But we are aware of no authority, and Vigil provides none, that a court may convert a Crim. P. 35(c) motion to a habeas corpus petition when the substance of the motion raises claims that arise under habeas corpus and not under Crim. P. 35(c). And Crim. P. 35(c) motions and habeas corpus petitions are not interchangeable. *See Duran v. Price*, 868 P.2d 375, 378 (Colo. 1994). Rather, habeas proceedings are civil actions, *Graham v. Gunter*, 855 P.2d 1384, 1385 (Colo. 1993), that require the petitioner to file a case in the district court where the petitioner is being confined, *Naranjo*, 770 P.2d at 787, naming as the defendant the person in whose custody the petitioner is detained, *Duran*, 868 P.2d at 378, with corresponding service to that defendant such that the district court can acquire personal jurisdiction over the parties (as a court cannot

confer personal jurisdiction upon itself), *Zabroski v. Colo. Dep't of Corr.*, 812 P.2d 236, 238 (Colo. 1991).

¶ 9    Accordingly, we conclude that the district court correctly denied Vigil's Crim. P. 35(c) motion and motion to reconsider.

### III.    Disposition

¶ 10    The orders are affirmed.

JUDGE KUHN and JUDGE SULLIVAN concur.