Philemon B. **ELLIS**, Plaintiff
and Appellant,

v.

**Gary L. DeLAND, Director, Utah De-
partment of Corrections, et al.,
Defendants and Appellees.**

No. 890493.

Supreme Court of Utah.

Jan. 23, 1990.

Philemon B. Ellis, pro se.

R. Paul Van Dam, Lyle Odendahl, Salt
Lake City, for defendants and appellees.

**PER CURIAM:**

Plaintiff Philemon B. Ellis appeals from
the denial of a writ of habeas corpus by the
Third Judicial District Court brought by
him to challenge the refusal of the state of
Arizona to return him to prison facilities
there. We are constrained to dismiss the
appeal for lack of jurisdiction.

Ellis was confined in the Arizona State
Prison, where he was serving a ten-year
sentence, when his mother became gravely
ill in Utah. He requested a "compassion-
ate" transfer to the Utah State Prison so
that he could be close to her. The request
was granted and conditioned upon Ellis's
payment for transportation to Utah. El-
lis's mother recovered, and Ellis requested
a return to Arizona. After initially asking
Ellis to advance about $850 to pay for
transportation to Arizona, the Arizona De-
partment of Corrections eventually denied
his request to return.

Ellis brought his petition for a writ of
habeas corpus in the Third Judicial District
Court of this state, claiming that he had a
constitutional right to return to the Ari-
zona State Prison and that he was "unlaw-
fully detained of his liberty" here. The
writ was denied. Plaintiff appeals *pro se,*
raising the same issues.

Ellis's transfer to the state of Utah was
accomplished under the Western Interstate
Corrections Compact (the compact), Utah
Code Ann. § 77-28-1 (1982). Its purpose is
"to improve the range of institutional facili-
ties, confinement, treatment, and rehabili-
tation programs available for offenders in-
carcerated by its member states.
§ 77-28-1, Art. I." *Gibson v. Morris,* 646
P.2d 733, 734 (Utah 1982).

The compact is dispositive on the narrow
question before us. Utah, as the receiving
state, acts solely as agent for Arizona, the
sending state. § 77-28-1, art. IV(a). Ellis
at all times remains subject to Arizona
jurisdiction with respect to the question of
where he should be housed. Art. IV(c);
*Gibson,* 646 P.2d at 735. Any hearings in
Utah on Ellis's request to return to Arizona
may be held only if authorized by Arizona
and, if so held, are governed by the laws of

Arizona. Art. IV(f); *id.* There is nothing in the record to indicate that Arizona authorized this state to entertain Ellis's petition for a writ of habeas corpus with respect to his transfer to Arizona, indeed Ellis attempts to force the hand of Arizona by requesting this state to return him to the prison facilities there. Such a decision would fly in the face of the agency relationship established in the compact. *Id.*

Ellis must address his request for return to the authorities of the state of Arizona, and if that state chooses to retain him in the Utah facilities until his release, Utah courts will not have jurisdiction to rule otherwise. His release will have to take place in the state of Arizona, with Arizona bearing the cost of his return to its territory, unless Ellis, Arizona, and Utah agree upon his release in some other place. Art. IV(g). This state is bound by the terms of the compact, which makes a decision of the sending state in respect of any matter over which it retains jurisdiction under art. IV(c) "conclusive upon and not reviewable within the receiving state." Art. V(a).

The appeal is dismissed.

HALL, C.J., HOWE, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.

STEWART, J., concurs in the result.