STEPHEN L. BOATWRIGHT, Appellant, *v.* DIRECTOR, DEPARTMENT OF PRISONS, RON ANGELONE, Respondent.

No. 21994

March 24, 1993 849 P.2d 274

---

[5]THE HONORABLE CLIFF YOUNG, Justice, did not participate in the decision of this matter.

*Jeffrey D. Morrison,* Reno, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court denying appellant's post-conviction petition for a writ of habeas corpus. In a judgment entered on July 26, 1983, appellant was convicted of four counts of sexual assault of a child under the age of fourteen. *See* NRS 200.366. Appellant was sentenced to serve four consecutive terms of life imprisonment with the possibility of parole. In June of 1983, a psychiatrist evaluated appellant and opined that he is a pedophile, but that with competent treatment appellant can overcome his condition to the degree that he would not be a danger to the health and safety of society. Appellant is confined in the Arizona State Prison at Florence, Arizona. Appellant is not under any Arizona sentence; he is confined in Arizona under his Nevada judgment of conviction pursuant to the Western Interstate Corrections Compact.

Appellant challenges his confinement in Arizona on the basis that confinement in Arizona precludes the possibility of parole due to the requirements of NRS 200.375. Because he was convicted of sexual assault, appellant may not be paroled without a certification that he was under observation while under confinement in an institution of the department of prisons and is not a menace to the health, safety or morals of others. NRS 200.375. The district court, without conducting a hearing, dismissed appellant's petition on the basis that appellant was challenging the condition, rather than the legality of his confinement. *See* Bowen v. Warden, 100 Nev. 489, 686 P.2d 250 (1984) (segregation due to prison disciplinary procedure cannot be challenged by a petition for a writ of habeas corpus).

Appellant is challenging his confinement in Arizona solely on the basis that confinement in Arizona precludes the possibility of parole granted in his judgment of conviction. "[H]abeas corpus relief is available 'to allow the presentation of questions of law

that cannot otherwise be reviewed, or that are so important as to render ordinary procedure inadequate and justify the extraordinary remedy.'" Director, Dep't Prisons v. Arndt, 98 Nev. 84, 85, 640 P.2d 1318, 1319 (1982) (quoting State ex rel. Orsborn v. Fogliani, 82 Nev. 300, 302, 417 P.2d 148, 149 (1966)). *See* NRS 34.560(1) (judge may order change of custody or restraint). Appellant's petition presents such a question. Thus, the district court erred in dismissing the petition.

Further, we note that appellant is incarcerated in Arizona under a Nevada judgment of conviction, pursuant to the Western Interstate Corrections Compact. *See* NRS Chapter 215. Appellant remains subject to the jurisdiction of Nevada while incarcerated pursuant to the Compact. *See* Western Interstate Corrections Compact Article IV, section (c). Because appellant is being held solely under the authority of a Nevada judgment of conviction, appellant remains in the custody of the respondent director of the department of prisons. Consequently, appellant may prosecute his post-conviction petition for a writ of habeas corpus in the first judicial district court while physically incarcerated in Arizona. *See* Nevada Const., art. 6, § 6 (district court may issue writs of habeas corpus on behalf of any person held in actual custody in its district); *see also* NRS 34.500 (court may order discharge of habeas corpus petitioner who is in custody by virtue of process from any court of this state, or judge or officer thereof).

We also note that the Western Interstate Corrections Compact specifically provides that confinement in a receiving state under the Compact shall not deprive any inmate of legal rights or of rights to participate in and derive any benefit or status change from any proceeding available to the inmate in the appropriate institution in the sending state. Western Interstate Corrections Compact Article IV, sections (e) and (h).

Although the district court did not dismiss appellant's petition on procedural grounds, respondent alleges that several procedural deficiencies warrant dismissal of appellant's petition. Respondent's arguments lack merit. Respondent asserts that appellant's petition is barred by NRS 34.810(1) because appellant was convicted upon a plea of guilty and appellant's petition is not based on claims that he entered his guilty plea involuntarily, unknowingly or without effective assistance of counsel. Appellant is not, however challenging the validity of his conviction. Rather, as discussed above, appellant challenges the propriety of his incarceration in Arizona under the terms of his judgment of conviction. Consequently, NRS 34.810(1) does not apply.

Respondent further argues that appellant's petition is barred under NRS 34.810(2) because it contains the same claims as appellant's earlier petition for post-conviction relief. NRS 34.810(2) applies, however, only where the earlier petition was dismissed on the merits, and appellant's petition for post-conviction relief was dismissed on procedural grounds.

Finally, respondent contends that because appellant's petition was filed nearly seven and one-half years after entry of his judgment of conviction, pursuant to NRS 34.800(2) there is a presumption of prejudice to the state and laches warranting dismissal of the petition. Because appellant challenges the impropriety of the place of his current confinement, rather than the validity of his judgment of conviction, a laches claim is inapplicable to this case.

Accordingly, we reverse the order of the district court dismissing appellant's petition and we remand this matter to the district court for further consideration of appellant's petition in light of this opinion.