**James Robert BRANT, Petitioner–Appellant,**

v.

**Patrick J. FIELDER, Aristades Zavares, and Robert J. Furlong, Respondents–Appellees.**

**No. 94SA68.**

Supreme Court of Colorado,
En Banc.

Oct. 17, 1994.

18

James Robert Brant, pro se.

No appearance on behalf of respondents-appellees.

Justice VOLLACK delivered the Opinion of the Court.

The appellant, James Robert Brant, filed a petition for a writ of habeas corpus in the Lincoln County District Court.[1] In the petition, the appellant asserted that he was a prisoner of the State of Wisconsin, and that he had been transported to and confined in Colorado in the Limon Correctional Facility under the Interstate Corrections Compact, §§ 24–60–1601 to –1603, 10B C.R.S. (1988). The appellant claimed that after arriving in Colorado he was placed in "punitive segregation" without a prior hearing, contrary to Wisconsin law, that he had been forced to dispose of his color television set, and that

---

1. In the petition for writ of habeas corpus, the appellant named as respondents "Patrick J. Fielder ... the Secretary of the Department of Correction for the State of Wisconsin," the Executive Director of the Colorado Department of Corrections, and the Warden of the Limon Correctional Facility. The appellant named the same three individuals as appellees in his appeal to this court. An assistant attorney general of the State of Wisconsin has informed us that "Patrick J. Fielder, former Secretary of the Wisconsin Department of Corrections" was never served with a copy of the appellant's petition for writ of habeas corpus and thus was never properly made a party before the district court. The appellant has not contested this assertion.

the Limon Correctional Facility had not supplied him with copies of certain Wisconsin administrative codes and statutes or with Colorado prison regulations. The appellant requested that all future hearings and disciplinary proceedings comply with Wisconsin law, that he be accorded all the rights given to him under Wisconsin law, that the results of any hearing not carried out under such standards be expunged from his record, and that the Interstate Corrections Compact be held unconstitutional as it pertains to him. The appellant further prayed that the district court issue the writ of habeas corpus, and order the respondents to transport him back to the custody of the State of Wisconsin within the next ninety days. The district court denied the petition without a hearing because it did "not set forth sufficient allegations as to warrant the issuance of a writ of habeas corpus." We affirm the judgment of the district court.

## I.

The Interstate Corrections Compact, §§ 24–60–1601 to –1603, 10B C.R.S. (1988), and the substantially similar Western Interstate Corrections Compact, §§ 24–60–801 to –805, 10B C.R.S. (1988), "authorize the courts of a party state [the "sending state"] to direct that confinement [of a prisoner convicted or committed in the sending state] be within an institution of another party state [the "receiving state"] for the purpose of providing adequate quarters and care or an appropriate program of rehabilitation or treatment." *People v. Scott*, 630 P.2d 615, 617 n. 2 (Colo.1981). Section 24–60–1602 provides that, whenever the authorities in the sending state decide that confinement in the receiving state is desirable to provide adequate quarters or appropriate treatment, those authorities "may direct that the confinement be within an institution within the territory of said other party state, *the receiving state to act in that regard solely as agent for the sending state.*" § 24–60–1602 art. IV(a) (emphasis added). In addition:

(c) Inmates confined in an institution pursuant to the terms of this compact shall at all times be subject to the jurisdiction of the sending state and may at any time be removed therefrom for transfer to a prison or other institution within the sending state, for transfer to another institution in which the sending state may have a contractual or other right to confine inmates, for release on probation or parole, for discharge, or for any other purpose permitted by the laws of the sending state....

§ 24–60–1602 art. IV(c). Inmates confined in an institution of the receiving state shall be treated equally with similarly situated inmates of the receiving state. § 24–60–1602 art. IV(e). "The fact of confinement in a receiving state shall not deprive any inmate so confined of any legal rights which said inmate would have had if confined in an appropriate institution of the sending state." *Id.* Hearings conducted within the receiving state may be conducted by officials of the receiving state if authorized by the sending state, and

[i]n the event such hearing or hearings are had before officials of the receiving state, the governing law shall be that of the sending state and a record of the hearing or hearings as prescribed by the sending state shall be made. Said record together with any recommendations of the hearing officials shall be transmitted forthwith to the official or officials before whom the hearing would have been had if it had taken place in the sending state. *In any and all proceedings had pursuant to the provisions of this subdivision, the officials of the receiving state shall act solely as agents of the sending state and no final determination shall be made in any matter except by the appropriate officials of the sending state.*

§ 24–60–1602 art. IV(f) (emphasis added). Finally,

[a]ny decision of the sending state in respect of any matter over which it retains jurisdiction pursuant to this compact shall be conclusive upon and not reviewable within the receiving state....

§ 24–60–1602 art. V(a).

The appellant raises four issues on appeal: (1) whether the district court erred when it did not find that the appellant followed section 13–45–102, 6A C.R.S. (1987), in his petition for habeas corpus; (2) whether the court

erred when it concluded that the appellant's petition did not present any fundamental liberty interest; (3) whether the court below erred in finding that the appellant did not ask for immediate release from Colorado prisons; and (4) whether the supreme court should take original jurisdiction over the appellant's claims.

## A.

■ The district court found that the petition for habeas corpus did not set forth "any mittimus or supporting documentation as required by C.R.S. 13–45–101." The appellant alleges that section 13–45–102, 6A C.R.S. (1986), and not section 13–45–101, 6A C.R.S. (1986), applies to his petition because he "is not within the Colorado Prison system due to any commitment, [n]or is he detained for any criminal, or supposed criminal, matter within the jurisdiction of the State of Colorado."

Section 13–45–102, 6A C.R.S. (1987), provides in part:

> **13–45–102. Petition for relief—civil cases.** When any person not being committed or detained for any criminal or supposed criminal matter is confined or restrained of his liberty under any color or pretense whatever, he may proceed by appropriate action as prescribed by the Colorado rules of civil procedure in the nature of habeas corpus. . . .

Since the appellant is in fact being detained for a criminal matter, the district court correctly applied section 13–45–101, and not section 13–45–102. The failure of the appellant to precisely follow section 13–45–101 (requirements for petition for writ of habeas corpus in criminal cases) was not, however, the deciding factor for the district court.

## B.

The appellant claims that the district court erred when it concluded that the appellant's petition did not allege the violation of any fundamental liberty interest. In the petition the appellant complained of administrative actions that were taken against him when he first arrived in Colorado in January 1993, and charged that he had not been provided copies of certain Wisconsin administrative codes and statutes or with Colorado prison regulations.[2] The district court denied habeas corpus relief because the appellant did not assert the present violation of any fundamental liberty interest. We agree with the district court.

■ The appellant asserts that upon his arrival in Colorado he was placed in "punitive segregation for eighteen (18) days prior to a hearing," contrary to Wisconsin law. In order for a habeas corpus petition to be sufficient on its face, however, the appellant must allege that he is entitled either to present discharge or that the Department of Corrections violated a fundamental constitutional right affecting his *current* conditions of confinement. *Deason v. Kautzky*, 786 P.2d 420, 422 (Colo.1990). Moreover, the relief requested in a petition for habeas corpus must, if granted, have some practical effect on the restraint of the prisoner at the time of the habeas corpus hearing. *Kodama v. Johnson*, 786 P.2d 417, 419 (Colo.1990). The appellant's complaint of former punitive segregation does not satisfy these conditions.

■ The appellant also alleges that the Colorado Department of Corrections has denied him the use of his color television while, at the same time, Colorado prisoners have such right. This is not an allegation of the violation of a fundamental constitutional right that would entitle the appellant to habeas corpus relief. Further, the purported failure of the Colorado prison authorities to provide the appellant with copies of certain Wisconsin administrative codes and statutes and with Colorado prison regulations, even if true, is not an unconstitutional denial of the appellant's access to the courts, or of due process, so long as the appellant has reasonable access to an attorney, as he admits in his brief. *See Salstrom v. State*, 148 Ariz. 382, 714 P.2d 875, 878 (Ct.App.1986) (prison-

2. On appeal, the appellant also alleges that a private corporation transported him from Wisconsin to Colorado, that such transportation was unlawful, and that he is therefore entitled to release from the Colorado prison system. The appellant cites no legal authority for this claim, and we reject it.

er who had been transferred from Nevada to Arizona under the Western Interstate Corrections Compact was not denied due process or access to courts because of lack of Nevada legal materials where inmate had access to attorney).

Moreover, under the Interstate Corrections Compact, the corrections officials in the receiving state act as the agents of the sending state, which has the ultimate responsibility for conducting or authorizing hearings involving the rights of the transferred prisoner. § 24–60–1602, art. IV(f); *Dugger v. Jackson,* 598 So.2d 280, 282 (Fla.Dist.Ct.App. 1992); *Ellis v. DeLand,* 786 P.2d 231, 231–32 (Utah 1990).

Under these circumstances, the district court properly determined that the appellant's petition did not allege that the Colorado authorities had violated a fundamental constitutional right affecting his present conditions of confinement, and correctly dismissed the petition without a hearing. *Deason,* 786 P.2d at 422.

### C.

■ The appellant also asserts that the district court erroneously stated that the appellant did not seek immediate release from the Colorado prison system. While the appellant did ask for such relief in the petition for writ of habeas corpus, under the Interstate Corrections Compact, the sending state is responsible for determining whether a transferred prisoner should be returned to the sending state or otherwise transferred from the receiving state. § 24–60–1602 art. IV(c), (f) & art. V(a); *Findlay v. Lewis,* 172 Ariz. 343, 837 P.2d 145, 147–48 (1992) (petition for writ of habeas corpus did not state claim upon which relief could be granted where petitioner sought return to sending state, since under Western Interstate Corrections Compact, courts of receiving state were without power to transfer prisoner back to sending state); *Ellis,* 786 P.2d at 231–32 (prisoner transferred under Western Interstate Corrections Compact must address request for return to sending state to the authorities of the sending state).

■ The appellant is still subject to the jurisdiction of the Wisconsin authorities,

§ 24–60–1602 art. IV(c), (f), & art. V(a), and a legal avenue therefore exists for him to be returned to the sending state. *Boatwright v. Director,* 109 Nev. 318, 849 P.2d 274, 276 (1993) (Nevada prisoner who had been transferred to and confined in Arizona under the Western Interstate Corrections Compact could prosecute postconviction petition for writ of habeas corpus in Nevada courts). The existence of this legal remedy precludes the granting of habeas corpus relief by Colorado courts. *Jacobs v. Carmel,* 869 P.2d 211, 213 (Colo.1994).

Because it appears on the face of the appellant's petition that he is not entitled to habeas corpus relief, the district court properly denied the petition without a hearing.

### D.

Our resolution of the foregoing issues makes it unnecessary to exercise original jurisdiction over the appellant's claims.

### II.

The judgment of the district court dismissing the appellant's petition for writ of habeas corpus is affirmed. We deny the appellant's petition to take original jurisdiction and to grant a writ of habeas corpus. The denial of habeas corpus relief is without prejudice to any avenue of relief the appellant may pursue in the sending state, Wisconsin.