Richard Lee **MARTINEZ**, Petitioner–Appellant,

v.

**Aristedes W. ZAVARAS, Executive Director, Colorado Department of Corrections, and Gale A. Norton, Attorney General for the State of Colorado, Respondents–Appellees.**

No. 94SA336.

Supreme Court of Colorado, En Banc.

April 10, 1995.

---

Richard Lee Martinez, pro se, Crowley.

No appearance by respondents-appellees.

Justice KIRSHBAUM delivered the Opinion of the Court.

The appellant, Richard Lee Martinez, filed a petition for writ of habeas corpus relief in the Mesa County District Court alleging that he was entitled to immediate release from custody. The case was transferred to the Crowley County District Court, which court dismissed the petition without holding a hearing. We affirm the judgment of the district court.

I

The record reveals that in early 1984 the appellant was convicted of sexual assault in the second degree,[1] a class 3 felony, and second degree burglary,[2] a class 3 felony, for conduct that occurred in 1983. He was also found to be a habitual criminal, pursuant to section 16–13–101, 8 C.R.S. (1978 & 1983 Supp.). As the result of the habitual criminal determination, the appellant was sentenced on February 1, 1984, to concurrent life sentences. The 1984 mittimus reflects that the appellant had been incarcerated for 326 days prior to sentencing and that "because of formal disciplinary action in the Mesa County Jail, the [appellant] lost ninety (90) days 'good time' against the 326 days credit."

The appellant subsequently filed a motion pursuant to Crim.P. 35(c) challenging his 1984 conviction, which motion was denied by

the trial court. On appeal, the court of appeals reversed the trial court's judgment and remanded the case with directions to vacate the habitual criminal determination and to resentence the appellant. *People v. Martinez*, No. 89CA0234, slip op. at 1, 4 (Colo. App. Jan. 24, 1991) (not selected for publication). The court of appeals held that the appellant did not receive effective assistance of counsel at the habitual criminal phase of his trial.[3]

In 1992 the appellant was resentenced to a term of fourteen years' imprisonment for each of the two offenses, such sentences to run concurrently. The 1992 mittimus reflects that the appellant was given credit for eight years and two hundred ninety-four days of pretrial confinement.

In his petition for habeas corpus in this case, the appellant argues that he is entitled to a credit for the "pretrial confinement" period of eight years and two hundred twenty-four days reflected in the 1992 mittimus plus ten months and twenty-seven days of good time and earned time credits he asserts he has acquired. He then contends that this credit should be deducted from his fourteen-year sentence, resulting in a remainder of four years, three months, and six days, and that this remainder should be added to the effective date of his 1984 sentence—February 2, 1984. Based upon those calculations, the appellant concludes that he was entitled to release from custody on May 7, 1988. Alternatively, he asserts that even if the good time and earned time credits are not included in the calculations he was entitled to release on April 4, 1989.[4]

The appellant's calculations are erroneous. The period of eight years and two hundred ninety-four days credited to the appellant in 1992 reflects all of the credits to which the appellant was entitled at that time. We also note that because the appellant was convicted of an offense of second degree

1. § 18–3–403, 8 C.R.S. (1978).

2. § 18–4–203, 8B C.R.S. (1986).

3. Although the record supplied by the appellant does not contain a copy of the court of appeals' decision, the appellant refers to that decision in his habeas corpus petition.

4. In his brief filed with this court, the appellant also argues that he is entitled to a credit of eight years and two hundred twenty-four days "together with the actual time served (7 years 11 months 5 days) and earned time granted [appellant]."

sexual assault committed in 1983, he is not entitled to mandatory parole. *See Thiret v. Kautzky*, 792 P.2d 801, 805–07 (Colo.1990). Because it appears on the face of the appellant's petition and supporting documents that he is not entitled to immediate release from custody, the district court properly denied the petition without a hearing. *Brant v. Fielder*, 883 P.2d 17, 21 (Colo.1994).

## II

For the foregoing reasons, the judgment of the district court is affirmed.