**Robert P. DAVIS, Petitioner–Appellant,**

v.

**Robert FURLONG, Respondent–Appellee.**

No. 94SA391.

Supreme Court of Colorado,
En Banc.

May 15, 1995.

Rehearing Denied June 5, 1995.

Robert P. Davis, Limon, pro se.

No appearance by respondent-appellee.

Chief Justice ROVIRA delivered the Opinion of the Court.

The appellant, Robert P. Davis, filed a petition for a writ of habeas corpus in the Lincoln County District Court, seeking immediate release from custody. The district court denied the petition, without holding a hearing. We affirm the judgment of the district court.

### I

The record on appeal, which consists primarily of the appellant's petition and attached copies of documents, reveals that the appellant pleaded guilty in 1988 to first-degree assault, a class 3 felony. He was convicted and sentenced for the assault, which was committed on January 26, 1987, and received a mandatory sentence for crime of violence under section 16–11–309, 8A C.R.S. (1986). *People v. Davis*, No. 87CR0439, (Denver Dist.Ct. Feb. 26, 1988) (judgment of

conviction, sentence and mittimus). He was sentenced to a term of sixteen years and one day in the Colorado Department of Corrections, plus a period of parole. *Id.* The mittimus also states that the sentence was to run concurrently with the appellant's "present sentence" at the DOC and that he was entitled to credit for 392 days presentence confinement and 392 days good time.

The basis of the appellant's claim for immediate release is that the time he has actually served, plus the good time and earned time credits that he is entitled to, and which cannot legally be revoked or withheld from him, total approximately seventeen years. Since this is more than the sixteen year and one day sentence imposed by the trial court, he believes that his sentence has been served and discharged, and that he is entitled to immediate release. The appellant relies on repealed section 16–11–310, 8A C.R.S. (1986), which provided:

> **16–11–310. Release from Incarceration.** Except as provided in section 7 of article IV of the state constitution relating to the power of the governor to grant reprieves and pardons, an incarcerated person shall be unconditionally released and discharged upon the expiration of his sentence, *less the deductions authorized in article 22.5 of title 17, C.R.S.*

(Emphasis added.) At the time that the appellant committed the offense that he was convicted of and sentenced for, however, section 17–22.5–303(6), 8A C.R.S. (1986) stated:

> (6) Any person sentenced for a class 2, class 3, class 4, or class 5 felony committed on or after July 1, 1985, shall be eligible for parole after he has served the sentence imposed less any time authorized for good time earned pursuant to section 17–22.5–301 and for earned time pursuant to section 17–22.5–302. Upon an application for parole, the state board of parole, working in conjunction with the department and using the guidelines established pursuant to section 17–22.5–303.5, shall determine whether or not to grant parole and, if granted, the length of the period of parole, which may be for a period of up to five years. If an application for parole is refused by the state board of parole, the

state board shall reconsider within one year thereafter the granting of parole to such person and shall continue the reconsideration each year thereafter until such person is granted parole or until he is discharged pursuant to law.

Under the foregoing statutory scheme, which applies to the appellant, since

> the Department may withdraw the good time and earned time credits upon which the initial calculation of appellant's maximum control date was based, that date does not represent the date upon which he is entitled to unconditional release. To the extent section 16–11–310 was in conflict with sections 17–22.5–301(3), 17–22.5–302(4) and 17–22.5–303(6) at the times here pertinent, the latter statutes, having the latest effective dates, must be deemed to control.

*Renneke v. Kautzky,* 782 P.2d 343, 345 (Colo.1989) (citations omitted). "[G]ood time and earned time credits earned by an inmate do not constitute service of sentence. An inmate is not entitled to release until he has served his entire term of sentence. Good time and earned time credits make the inmate eligible for release on parole." *Jones v. Martinez,* 799 P.2d 385, 388 (Colo.1990). *See Thorsen v. Colorado Dep't of Corrections,* 801 P.2d 540 (Colo.1990). The appellant was sentenced to sixteen years and one day in 1988, has not served the entire term of his sentence, and is therefore not entitled to immediate release or habeas corpus relief.

II

Because it appears on the face of the appellant's petition and supporting documents that he is not entitled to habeas corpus relief, the district court properly denied the petition without a hearing. *Brant v. Fielder,* 883 P.2d 17, 21 (Colo.1994). The judgment of the district court is therefore affirmed.