77 F.3d 490
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Macarthur SMITH, aka Lou Boyer, Petitioner-Appellant,
v.
John IGNACIO, Warden, Respondent-Appellee.
 No. 95-15711.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 12, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nevada state prisoner MacArthur Smith, aka Lou Boyer, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. He contends the district court erred when it denied his claims as procedurally barred. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo. Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir.1990). We vacate and remand.
 
 A. Background
 
 3
 After pleading guilty to the first degree murder of his brother, Smith was sentenced on September 11, 1985 to life in prison with the possibility of parole. He did not appeal his conviction or sentence.
 
 
 4
 On December 11, 1985, Smith filed a state habeas petition, contending, inter alia, that he was never advised of all the charges for which he was sentenced and counsel was ineffective during plea bargaining and sentencing. On December 17, 1985, pursuant to Nev.Rev.Stat. § 34.740, the state district court summarily dismissed the petition without prejudice on the grounds that it was "not supported by any factual allegations." Smith did not appeal.
 
 
 5
 On November 4, 1986, Smith again filed for habeas relief, raising claims of illegal search, unlawful arrest, and illegal imprisonment. On December 12, 1986, Smith moved to amend his petition to include a challenge to his plea and an ineffective assistance claim based on counsel's failure to file pretrial motions and bring the case to trial. On December 22, 1986, the state district court denied the petition on the grounds that Smith had waived pre-plea claims when he pleaded guilty. The court did not address Smith's motion to amend. Smith appealed. On March 24, 1987, the Nevada Supreme Court dismissed the appeal, agreeing that Smith had waived all issues other than involuntary plea and ineffective assistance of counsel. However, the Nevada Supreme Court added that because the state district court had never ruled on Smith's motion to amend, Smith could raise his ineffective assistance and involuntary plea claims in a subsequent proceeding so long as he could show cause for his failure to raise them in his 1985 petition.
 
 
 6
 Rather than returning to state district court, Smith filed a petition with the Nevada Supreme Court. In this petition, Smith contended his plea was involuntary and counsel ineffective based on counsel's failure to inform him of material evidence or investigate coercion and duress defenses. On April 25, 1989, the Nevada Supreme Court "denied the petition without prejudice to [Smith's] right to seek appropriate relief in [state district court]." On or about May 1, 1989, Smith filed for habeas relief in state district court, incorporating by reference the petition he had filed in the Nevada Supreme Court. The state district court appointed counsel and ordered the State to answer. On February 21, 1991, the state district court dismissed Smith's petition, finding that:
 
 
 7
 Smith's failure to raise appropriate claims upon direct appeal bars latter (sic) consideration; his repeated filing of habeas corpus petitions constitutes an abuse of the writ; and, his procedural default in failing to raise issues in a timely manner, all lead to the conclusion that this Petition for Writ of Habeas Corpus must be dismissed.
 
 
 8
 Smith appealed. On March 25, 1992, the Nevada Supreme Court concluded that the state district court had properly dismissed Smith's petition on abuse of the writ grounds:
 
 
 9
 Appellant contends that the [state] district court erred in concluding that the instant petition constituted an abuse of the writ and in concluding that appellant had failed to show cause or prejudice. We disagree.
 
 
 10
 Appellant did not file the instant petition until 1989. Although appellant claims not to have learned of certain instances of counsel's ineffectiveness until 1988 and 1989, we note that he initially alleged ineffective assistance of counsel in his motion to amend filed in 1986. Thus, appellant has failed to adequately explain why he could not have pursued this matter prior to 1989. Consequently, we conclude that the district court properly dismissed the petition. See Nev.Rev.Stat. § 34.810; Phelps v. Director, Nevada Dep't of Prisons, 764 P.2d 1303 (Nev.1988) (per curiam). Accordingly, we ORDER this appeal dismissed.
 
 
 11
 Smith then filed a section 2254 petition in district court, raising claims of involuntary plea and ineffective assistance of counsel.[1] On February 9, 1995, the district court denied the petition as procedurally barred. This appeal followed.
 
 B. Validity of Procedural Bar
 
 12
 Smith contends he was held to an invalid procedural bar. His contention has merit.
 
 
 13
 A state bar must be independent and adequate to preclude federal review. Coleman v. Thompson, 501 U.S. 722, 729 (1991). In order to be adequate, the state procedural rule must be "firmly established and regularly followed." Ford v. Georgia, 498 U.S. 411, 423-24 (1991); see also Dugger v. Adams, 489 U.S. 401, 410 n. 6 (1989) (state bar must be consistently applied to vast majority of cases raising similar claims); Reed v. Ross, 468 U.S. 1, 7 n. 4 (1984) (no default if state procedural rule was not yet established). If the procedural rule invoked by the state court does not apply to the facts of the case, federal review is not precluded. National Ass'n for Advancement of Colored People v. Alabama ex rel. Flowers, 377 U.S. 288, 296 (1964) ("NAACP v. Alabama "); see also County Court v. Allen, 442 U.S. 140, 150 (1979) (federal review not barred if state does not in fact have the procedural rule in question); Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir.1994) (procedural default occurs only if petitioner violates a state procedural rule).
 
 
 14
 On March 25, 1992, the Nevada Supreme Court dismissed Smith's petition on abuse of the writ grounds, citing Phelps, 764 P.2d at 1303, and Nev.Rev.Stat. § 34.810.
 
 
 15
 In Phelps, the Nevada Supreme Court held that petitioner could not raise claims in a second petition unless he established cause for and prejudice from his failure to raise those claims in a prior petition previously denied on its merits. Phelps, 630 P.2d at 1304. Unlike Phelps, the state district did not deny Smith's first petition on its merits.
 
 Nev.Rev.Stat. § 34.810(2) provides:
 
 16
 A second or successive petition must be dismissed if the judge or justice determines that it fails to allege new or different grounds for relief and that the prior determination was on the merits or, if new and different grounds are alleged, the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.
 
 
 17
 As the Nevada Supreme Court later explicitly recognized, section 34.810(2) applies only when an earlier petition was denied on its merits; it does not apply to petitions dismissed on procedural grounds. See Boatwright v. Director, Dep't of Prisons, 849 P.2d 274, 276 (Nev.1993) (per curiam).[2]
 
 
 18
 When the Nevada Supreme Court dismissed Smith's 1986 petition, it granted Smith leave to raise his plea and ineffective assistance claims in a subsequent proceeding if he showed cause for his failure to raise those claims in his 1985 petition. The Nevada Supreme Court apparently was under the impression that Smith had not raised ineffective assistance and involuntary plea claims in his 1985 petition. The record shows both that these claims were asserted in Smith's 1985 petition and that the petition was denied without prejudice. Neither Nev.Rev.Stat. § 34.810 nor Phelps applies to petitions dismissed without prejudice. See id.; cf. Phelps, 630 P.2d at 1304-06. In sum, there has been no merits determination which would render Smith's ineffective assistance claim or involuntary plea claim abusive of the writ.[3]
 
 
 19
 Because the Nevada Supreme Court relied on a procedural rule which does not apply to the facts of this case, the state procedural bar in this instance does not operate to preclude federal review. See NAACP v. Alabama, 377 U.S. at 296; see also County Court, 442 U.S. at 150; Wells, 28 F.3d at 1008. Accordingly, we vacate the district court's judgment and remand for the district court to consider Smith's ineffective assistance and involuntary plea claims on their merits.[4]
 
 
 20
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his federal petition, Smith contended counsel was ineffective based on counsel's failure to: file pretrial motions; take the case to trial; inform Smith of material evidence; investigate coercion, duress, and third party defenses; or explain to Smith the consequences of his plea and that probation was not available to him
 
 
 [2]
 The remaining sections of Nev.Rev.Stat. § 34.810 are also inapplicable. See Nev.Rev.Stat. § 34.810(1), (3)
 
 
 [3]
 The Nevada Supreme Court dismissed Smith's 1986 petition with leave to raise his ineffective assistance and plea claims in a subsequent proceeding. Thereafter Smith filed a petition in the Nevada Supreme Court which was denied without prejudice to filing in the state district court
 Nev.Rev.Stat. § 34.360 et. seq. did not have a one year time limit for filing habeas petitions until section 34.726 became effective on January 1, 1993. Section 34.726 does not apply to post-conviction proceedings commenced before January 1, 1993. See Ch. 44, Stats.1991.
 
 
 [4]
 To the extent that Smith alleged different grounds of ineffective assistance in his federal petition than those alleged in his final state habeas petition before the Nevada Supreme Court, the State has waived the argument that Smith failed to exhaust those grounds by its failure to raise this issue in district court. See Brown v. Maass, 11 F.3d 914, 914 (9th Cir.1993) (per curiam)