ALTENBERND, Judge.
Jack Meyer has filed a petition for writ of certiorari seeking review of a circuit court order that denied his petition for writ of habeas corpus. Mr. Meyer requested habeas corpus relief in the form of an order directing his return to Kansas to serve his sentence. Mr. Meyer is apparently incarcerated in Florida only because he was transferred to Florida from Kansas pursuant to the Interstate Corrections Compact, section 941.56, Florida Statutes (2000), to serve a life sentence he received in Kansas. We deny the petition because the circuit court lacked jurisdiction to consider or grant Mr. Meyer the relief he requested. Under the Interstate Corrections Compact, Florida corrections officials act only as agents for the State of Kansas, and the Florida court lacks jurisdiction over the length of incarceration or whether that incarceration is served in Kansas or Florida. See § 941.56, Fla. Stat. (2000) (Interstate Corrections Compact, art. IV); Dugger v. Jackson, 598 So.2d 280 (Fla. 1st DCA 1992).
In his petition, Mr. Meyer alleges that agents of the Florida Department of Corrections are not complying with the terms of the Interstate Corrections Compact. A Florida court may have jurisdiction to award mandamus or injunctive relief to require Florida officials to comply with the compact, see, e.g., Glick v. Holden, 889 P.2d 1389 (Utah Ct.App.1995), but Mr. Meyer has not sought such relief. This opinion is therefore without prejudice to any right Mr. Meyer may have to seek relief from a Kansas court or to seek mandamus or injunctive relief from a Florida court.
Petition for writ of certiorari denied.
STRINGER, J., and THREADGILL, EDWARD F., Senior Judge, Concur.