763 N.W.2d 83 (2009)
277 Neb. 452
Katherine LEACH, appellant,
v.
John DAHM, Warden, Nebraska Correctional Center for Women, et al., appellees.
No. S-08-461.
Supreme Court of Nebraska.
March 27, 2009.
*84 Stacey L. Parr, of Svehla, Thomas, Rauert & Grafton, P.C., for appellant.
Jon Bruning, Attorney General, and George R. Love for appellees John Dahm and Robert Houston.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
GERRARD, J.
Katherine Leach was convicted of two counts of driving under the influence manslaughter in Palm Beach County, Florida, but is presently confined in York, Nebraska, under Nebraska's Interstate Corrections Compact (ICC).[1] Leach filed an application for habeas corpus relief in a *85 Nebraska district court. The primary issue presented on appeal is whether the Nebraska courts have jurisdiction over this case under the ICC.

FACTS
Leach was convicted of two counts of driving under the influence manslaughter in Palm Beach County, and, in July 1999, was sentenced to 22½ years' imprisonment. Currently, Leach is confined in the Nebraska Correctional Center for Women. More than 8 years after her conviction, Leach filed an "Amended Petition for Writ of Habeas Corpus" in the York County District Court, against various Nebraska state officials responsible for her incarceration (collectively the State). In the amended petition, Leach alleged that her Florida sentence was void in violation of her right not to be subjected to cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution. In response, the State filed a motion to dismiss, arguing, among other things, that the court lacked subject matter jurisdiction under Nebraska's ICC. The ICC provides that "[a]ny decision of the sending State in respect of any matter over which it retains jurisdiction pursuant to this Compact shall be conclusive upon and not reviewable within the receiving State...."[2] After a hearing on the motion to dismiss, the court dismissed the petition for lack of subject matter jurisdiction. Leach appeals.

ASSIGNMENTS OF ERROR
Leach assigns, restated, that the district court erred in (1) concluding that it did not have jurisdiction over Leach and all questions relating to her incarceration and (2) dismissing her petition with prejudice.

STANDARD OF REVIEW
Aside from factual findings, which are reviewed for clear error, the granting of a motion to dismiss for lack of subject matter jurisdiction under Neb. Ct. R. Pldg. § 6-1112(b)(1) is subject to de novo review.[3]

ANALYSIS
The issue presented on appeal is whether the district court erred in granting the State's motion to dismiss for lack of jurisdiction. We conclude that under the terms of the ICC, the district court correctly dismissed the action for lack of subject matter jurisdiction. In order to determine whether the district court had jurisdiction over Leach's amended petition for a writ of habeas corpus, we turn to the ICC.
The ICC provides for the transfer of prisoners from one state to another for rehabilitation and correctional purposes, and establishes the rights and duties of the states sending and receiving prisoners.[4] Florida and Nebraska have adopted the ICC,[5] and its provisions are dispositive of the narrow question before us. Under the provisions of the ICC, an inmate confined in an institution in a receiving state is at all times "subject to the jurisdiction of the sending State."[6] Nebraska, as the *86 receiving state, acts solely as agent for Florida, the sending state.[7] As a result, Leach is subject to Florida jurisdiction with respect to whether her Florida sentence is unconstitutional under the Eighth Amendment.[8] Any hearings in Nebraska considering whether Leach's sentence was unconstitutional may be held only if authorized by Florida and, if so held, are governed by the laws of Florida.[9] And Leach does not allege that Florida authorized Nebraska to consider whether Leach's sentence was unconstitutional.
Leach argues that pursuant to Neb.Rev. Stat. § 29-2801 et seq. (Reissue 2008), the district court had jurisdiction over her petition for a writ of habeas corpus. Leach asserts that under § 29-2801, a petition for a writ of habeas corpus must be filed in the county in which the prisoner is confinedhere, York County.[10] We conclude, however, that § 29-2801 does not conflict with the ICC. York County would be the proper venue for a petition for a writ of habeas corpus under Nebraska law,[11] but § 29-2801 does not confer jurisdiction on a Nebraska court to determine the validity of a Florida sentence.
A writ of habeas corpus is a statutory remedy available to those who are detained without having been convicted of a crime and committed for the same, those who are unlawfully deprived of their liberty, or those who are detained without any legal authority.[12] It is not disputed that Leach was convicted of a crime, so her right to habeas relief rests upon her allegation that her sentence is unlawful. But pursuant to article IV(f) of the ICC, Nebraska is acting solely as agent for Florida. Accordingly, Florida retains jurisdiction over questions relating to the constitutionality of Leach's sentence. Leach must bring any claim regarding her sentence to the authorities of the State of Florida. Nebraska is bound by the terms of the ICC, and therefore, we lack jurisdiction over Leach's petition for habeas relief.

CONCLUSION
The judgment of the district court dismissing Leach's amended petition for habeas corpus is affirmed. The denial of habeas corpus relief is jurisdictional, and without prejudice to any avenue of relief Leach may pursue in Florida.
AFFIRMED.
NOTES
[1] Neb.Rev.Stat. § 29-3401 (Reissue 2008).
[2] § 29-3401, art. V(a).
[3] See Citizens Opposing Indus. Livestock v. Jefferson Cty. Bd. of Adjustment, 274 Neb. 386, 740 N.W.2d 362 (2007).
[4] Smart v. Goord, 21 F.Supp.2d 309 (S.D.N.Y. 1998).
[5] See, § 29-3401; Neb.Rev.Stat. § 29-3402 (Reissue 2008); Fla. Stat. Ann. §§ 941.55 to 941.57 (West 2006).
[6] See, § 29-3401, art. IV(c); Falkner v. Neb. Board of Parole, 213 Neb. 474, 330 N.W.2d 141 (1983). See, also, Brant v. Fielder, 883 P.2d 17 (Colo. 1994); Ellis v. DeLand, 786 P.2d 231 (Utah 1990); Dugger v. Jackson, 598 So.2d 280 (Fla.App.1992).
[7] § 29-3401, art. IV(a). See, also, Brant, supra note 6; Ellis, supra note 6; Meyer v. Moore, 826 So.2d 330 (Fla.App.2002).
[8] See § 29-3401, art. IV(c).
[9] See § 29-3401, art. IV(f).
[10] See Anderson v. Houston, 274 Neb. 916, 744 N.W.2d 410 (2008).
[11] See id.
[12] Glantz v. Hopkins, 261 Neb. 495, 624 N.W.2d 9 (2001).