The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Daniel R. HARTKEMEYER,
Defendant–Appellant.

No. 91CA0304.

Colorado Court of Appeals,
Div. III.

July 2, 1992.

Rehearing Denied Aug. 20, 1992.

Certiorari Denied Jan. 11, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Katherine M. Clark, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Kristin Giovanini, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge MARQUEZ.

Defendant, Daniel R. Hartkemeyer, appeals the order of the trial court denying his Crim.P. 35(c) motion for post-conviction relief. We affirm.

Defendant entered a plea of guilty to a charge of conspiracy to sell or distribute marihuana. Originally sentenced to probation, defendant was resentenced to four years incarceration following revocation of his probation. Subsequently, he filed a motion for post-conviction relief, alleging that his sentence was illegal as he was entitled to the benefit of amendatory legislation which lowered the classification of his offense. The trial court denied the motion without a hearing and without making findings of fact or conclusions of law.

Defendant contends that the trial court's summary disposition of his motion was error. We find no error in denying the motion without a hearing, but we do agree that the trial court erred in failing to make findings or conclusions of law. *See People v. Simons*, 826 P.2d 382 (Colo.App.1991). However, because the issue presented here, construction of a statute, is one of law, we conclude that reversal is not required.

A motion under Crim.P. 35(c) may be dismissed without a hearing if the motion, the files, and the record clearly establish that the defendant is not entitled to

relief. *White v. Denver District Court,* 766 P.2d 632 (Colo.1988).

Here, the legislation to which defendant refers did not, in fact, lower the classification of his offense. *See* §§ 18–2–201 and 18–18–106, C.R.S. (1991 Cum.Supp.). Thus, the record supports the trial court's determination of the motion without a hearing.

Section 18–2–201, C.R.S. (1991 Cum. Supp.) was amended effective July 1989 to provide that, if a person conspires to commit a felony which is defined by any statute other than one contained in that title and for which conspiracy no penalty is specifically provided, then such person is guilty of a class 6 felony. However, the record reflects that defendant pled guilty. to a conspiracy to commit the class four felony of distribution and sale of marihuana under §§ 18–2–201 and 18–18–106(8)(b)(I), C.R.S. (1986 Repl.Vol. 8B). Thus, he was convicted of a class five felony. Section 18–2–206, C.R.S. (1986 Repl. Vol. 8B).

Accordingly, because the classification of defendant's offense was not lowered, as a matter of law, he is not entitled to relief. Thus, any error for failure to make findings is harmless.

Order affirmed.

METZGER and REED, JJ., concur.