The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Jill COIT, Defendant–Appellant.

No. 01CA0765.

Colorado Court of Appeals, Div. I.

May 9, 2002.

Ken Salazar, Attorney General, John T. Bryan, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Stefani Goldin, Loveland, Colorado, for Defendant–Appellant.

Opinion by Judge KAPELKE.

Defendant, Jill Coit, appeals from the trial court order denying her Crim. P. 35(c) motion for postconviction relief. We affirm.

Defendant was convicted of first degree murder and conspiracy to commit murder. She received consecutive sentences of life in prison without parole and forty-eight years. Her convictions were affirmed on appeal. *People v. Coit*, 961 P.2d 524 (Colo.App.1997).

Thereafter, she filed her Crim. P. 35(c) motion for postconviction relief, asserting violations of her rights to compulsory process, fair trial, and due process. Specifically, she argued that, as a result of her codefendant's decision not to testify at her trial and exercise of his Fifth Amendment privilege against self-incrimination, she was denied her fundamental right to present witnesses in her defense. She alleged in her motion that she and her trial counsel had been assured the codefendant would testify as an alibi witness. With the motion, defendant submitted affidavits of her trial counsel and also of the codefendant, who averred that he would be willing to testify on behalf of defendant if she were granted a new trial.

The trial court denied the motion, finding that the codefendant's exercise of his Fifth Amendment privilege did not violate defendant's rights to a fair trial or to due process.

On appeal, defendant contends that the trial court erred in denying her Crim. P.

35(c) motion without a hearing. She also contends that the trial court's findings and conclusions are insufficient because they do not address each of her claims. We find no error.

■ A court must hold an evidentiary hearing on a Crim. P. 35(c) motion unless the motion, the files, and the record clearly establish that the defendant is not entitled to relief. *White v. Denver District Court*, 766 P.2d 632 (Colo.1988). An evidentiary hearing is unnecessary where only questions of law are presented. *People v. Hartkemeyer*, 843 P.2d 92 (Colo.App.1992).

■ A trial court must make findings of fact and conclusions of law in resolving all appropriate issues raised in a Crim. P. 35(c) motion. *People v. Breaman*, 939 P.2d 1348 (Colo.1997).

■ A defendant's right to compel the attendance of witnesses and to offer testimony at trial is a fundamental element of due process of law. However, the overlapping guarantees of the compulsory process clause and the due process right to call witnesses are not absolute. *People v. Chastain*, 733 P.2d 1206 (Colo.1987).

■ The Sixth Amendment right of an accused to compulsory process to secure the attendance of a witness does not include the right to compel a witness to waive his or her Fifth Amendment privilege. *United States v. Trejo–Zambrano*, 582 F.2d 460 (9th Cir. 1978).

■ When a defendant's rights under the Sixth Amendment collide with a witness's Fifth Amendment rights, the defendant's right to compulsory process must give way to the witness's privilege not to give self-incriminating testimony. *See Culkin v. Purkett*, 45 F.3d 1229 (8th Cir.1995); *United States v. Boyett*, 923 F.2d 378 (5th Cir.1991); *United States v. Khan*, 728 F.2d 676 (5th Cir.1984).

■ Here, the trial court found that the codefendant was unavailable because he chose to exercise his Fifth Amendment privilege against self-incrimination. No one can force the codefendant to give up that privilege. Further, the codefendant's exercise of that right does not give rise to a violation of defendant's right to a fair trial or to present a defense.

Accordingly, under these circumstances, there was no violation of defendant's right to compulsory process, fair trial, or due process.

The trial court properly addressed all of defendant's claims. Because those claims involved only questions of law, the trial court was not required to hold an evidentiary hearing. *See People v. Hartkemeyer, supra.*

The order is affirmed.

Judge METZGER and Judge ROTHENBERG concur.