The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Dawn M. ANDRACKI, Defendant–Appellant.

No. 01CA0857.

Colorado Court of Appeals, Div. III.

Oct. 24, 2002.

Rehearing Denied Dec. 19, 2002.

Certiorari Denied April 28, 2003.

Crim. P. 35(a) and (c), in which she contended that her aggravated range sentence was illegally and unconstitutionally imposed because it was based on her status as an escapee from a correctional institution at the time she committed the offense in this case. She argued that she was not charged with this aggravating factor and that § 18–1–105(9)(a)(v) was unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). She also argued that her guilty plea was not entered knowingly, voluntary, or intelligently because she was not informed that her escape status had to be proved beyond a reasonable doubt.

The trial court denied the motion.

## I.

Defendant contends that the trial court erred in rejecting her argument that she was illegally sentenced in the aggravated range for her offense. We disagree.

When the motion, the files, and the record clearly establish that the defendant is not entitled to relief, a court may deny a Crim. P. 35(c) motion without a hearing. *See White v. Denver Dist. Court,* 766 P.2d 632, 634 (Colo.1988); *People v. Hartkemeyer,* 843 P.2d 92, 93 (Colo.App.1992).

In *Apprendi,* the Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi v. New Jersey, supra,* 530 U.S. at 490, 120 S.Ct. at 2362–63, 147 L.Ed.2d at 455.

Here, defendant argues that the sentence aggravating provision of § 18–1–105(9)(a)(V) violated due process because it did not require that her status as an escapee from a correctional institution be pleaded and proved to a jury beyond a reasonable doubt.

However, this case involved a plea agreement. Although the record does not include any written plea documents, it does reflect that defendant pleaded guilty to count five of the information. That count provided in pertinent part:

Ken Salazar, Attorney General, Melissa D. Allen, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Ellen K. Eggleston, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Dawn M. Andracki, appeals the trial court order denying her Crim. P. 35(a) and (c) motion for postconviction relief. We affirm.

Defendant pleaded guilty to possession of a weapon by a previous offender, a class six felony under § 18–12–108(1), (2)(a), C.R.S. 2002, and the information also alleged she was an escapee at the time of the offense. The trial court imposed a sentence of three years to the Department of Corrections (DOC), the maximum aggravated term available under § 18–1.3–401(1)(a)(v)(A), C.R.S. 2002 (formerly codified at § 18–1–105(1)(a)(V)(A), and Colo. Sess. Laws 1989, ch. 148, § 18–1–105(9)(a)(v) at 830).

Defendant subsequently filed a "Motion to Correct Illegal Sentence" pursuant to both

[Defendant] did unlawfully, feloniously, and knowingly possess, use, and carry upon her person a firearm subsequent to her conviction ... for committing a felony ... and further the defendant ... was an escapee from a correctional institution, to wit, Arapahoe County Residential Center, for another felony offense ... at the time of this offense, [i]n violation of Colorado Revised Statutes, 18–12–108(1), and 18–1–105(9).

By pleading guilty to that count defendant admitted the fact that she was an escapee at the time of this offense. *See People v. Melillo*, 25 P.3d 769 (Colo.2001).

Further, at the providency hearing, defense counsel noted that the sentence would be aggravated because defendant "was in [community corrections] in either Arapahoe or Denver." The trial court confirmed that defendant had read the count to which she was pleading guilty and that she understood that, if she were to go to trial, the prosecution would "have to show that when [she] committed this offense [she was] on an escape status from the [DOC]." Defendant also confirmed her understanding that her sentence could be "a minimum of 15 months and a maximum of three years in the [DOC]."

Moreover, at the sentencing hearing, defense counsel informed the court that defendant would have an escape charge from Arapahoe County because "[s]he was in [community corrections] up in Arapahoe and she walked away, and that's when she picked up these charges." The trial court imposed the maximum sentence of three years in DOC, finding that "[s]he certainly has earned her three years based upon somebody who's only 34 and is now on her fifth or sixth felony."

The record thus reflects that defendant was fully informed by the court that her sentence would be aggravated by her status as an escapee at the time of this offense. The providency hearing transcript, read as a whole, reveals that defendant understood if the case proceeded to trial, the prosecution would have to prove beyond a reasonable doubt that she was an escapee at the time of the commission of the offense.

By pleading guilty to the offense as charged, defendant waived the right to contest the factual basis for that charge and necessarily admitted the elements of that count and her escape status when she committed the offense. Thus, defendant's admission of the fact necessary to subject her to the sentencing range of fifteen months to three years in DOC is the equivalent of having that fact proved beyond a reasonable doubt. *See Patton v. People*, 35 P.3d 124, 128 (Colo.2001)(by entering a guilty plea, defendant admits committing the substantive crime or crimes charged). In addition, defendant thus waived the right to insist that the prosecution establish guilt beyond a reasonable doubt. *See People v. Schneider*, 25 P.3d 755, 759 (Colo.2001).

Consequently, *Apprendi v. New Jersey, supra*, is inapplicable here. The only "fact" that "increased" defendant's punishment to the aggravated range was her own guilty plea to the elements of the offense as charged, and the enhancing factor as charged included her escape status. *See People v. Melillo, supra*. Therefore, the sentence imposed by the trial court was not illegal or unconstitutional. *See People v. Munkus*, 60 P.3d 767 (Colo.App.2002).

Thus, in light of our conclusion that, under the facts here, defendant by her plea of guilty admitted the aggravating factor of her escape status at the time of the commission of the offense, we do not address defendant's constitutional challenge to § 18–1–105(9)(a)(v). *See Kelley v. S. Jeffco Metro. Recreation & Park Dist.*, 155 Colo. 469, 473, 395 P.2d 210, 212 (1964)(courts will not pass on the constitutionality of a law unless necessary to resolve the cause under consideration).

## II.

■ Defendant also contends that her plea was not knowingly, voluntarily, and intelligently entered because the trial court did not inform her that the prosecution would have to prove the elements of the crime of escape beyond a reasonable doubt. We do not agree.

Defendant's argument rests on her assertion that her plea advisement was inadequate. However, as discussed, the count to which she pleaded guilty specifically alleged her escape status, and the court confirmed that she understood the prosecution would have to prove that fact. Thus, defendant has not demonstrated that her advisement was inadequate. *See Craig v. People,* 986 P.2d 951, 966 (Colo.1999)(defendant failed to meet burden of establishing by a preponderance of the evidence that his affirmative waiver on the record was ineffective).

The order is affirmed.

Judge KAPELKE and Judge NIETO concur.