**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Fred BARBER, Defendant–Appellant.**

No. 02CA1005.

Colorado Court of Appeals, Div. III.

Feb. 27, 2003.

Certiorari Denied Aug. 4, 2003.

Ken Salazar, Attorney General, Joseph P. Sanchez, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Fred Barber, Pro Se.

Opinion by Judge DAVIDSON.

Defendant, Fred Barber, appeals from the orders denying his postconviction motions, filed pursuant to Crim. P. 35(c)(2)(VII), challenging the constitutionality of his reincarceration imposed after revocation of mandatory parole. We affirm.

Defendant pled guilty to conspiracy to possess a schedule II controlled substance and was sentenced to a four-year term in the Department of Corrections (DOC), plus a three-year period of mandatory parole. De-fendant served his term of imprisonment and was subsequently released to serve his period of mandatory parole.

Thereafter, according to defendant's motion, he sent a letter to the Colorado Parole Board self-revoking his parole because "he was no longer in agreement with the terms and conditions as modified by the parole agent." The parole board then revoked defendant's parole and ordered that he be reincarcerated for the remainder of the mandatory parole period.

Defendant apparently filed an initial postconviction motion challenging the revocation, which the Crim. P. 35(c) court summarily denied. Defendant then filed a "Renewed and Revised Motion for Protection from Unconstitutional Parole Revocation and Unconstitutional Parole Statutes, Pursuant to C.R.Crim.P. Rule 35(c)(2)(VII) and 35(c)," which also was denied.

On appeal, defendant reasserts the constitutional claims raised in his postconviction motions challenging his parole revocation. Specifically, he contends that his reincarceration for the remainder of his mandatory parole period is in violation of equal protection, the doctrine of separation of powers, and procedural due process. We disagree.

## I.

Defendant first contends that, because inmate disciplinary actions are subject to the procedures and penalties contained in the Code of Penal Discipline, and parolees such as himself are subject to the discretion of the parole board, he was denied equal protection of the laws. We disagree.

The threshold question in any equal protection challenge is whether the persons allegedly subject to disparate treatment are in fact similarly situated. *People v. Black,* 915 P.2d 1257 (Colo.1996).

Although inmates and parolees are in legal custody and, thus, are constructively prisoners of the state, *see People v. Perea,* 74 P.3d 326, 2002 WL 1766009 (Colo.App. 00CA1473, Aug. 1, 2002), parolees have substantially greater freedom than do incarcer-

ated inmates. *See Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)(a term of parole, while subject to many restrictions not applicable to citizens, is very different from confinement in prison); *People v. Luther*, 58 P.3d 1013, 1017 (Colo.2002)(parole is a "condition of constrained liberty involving a 'release from institutional custody' " (quoting § 17–22.5–404(1), C.R.S.2002)).

■ Moreover, while the DOC governs the conditions of confinement, *see People v. Harris*, 934 P.2d 882 (Colo.App.1997), the parole board has authority to establish the conditions of parole. *See* § 17–22.5–403(8)(a), C.R.S.2002 (authorizing the parole board to continue, modify, or revoke parole when an offender violates a condition of parole). Contrary to defendant's argument, "[t]he parole board and DOC are separate entities in the Executive Branch." *People v. Gallegos*, 975 P.2d 1135, 1138 (Colo.App.1998), *aff'd*, 2 P.3d 716 (Colo.2000).

Thus, we conclude that inmates and parolees are not similarly situated because their supervision is governed by distinct entities. Accordingly, the Crim. P. 35(c) court properly rejected defendant's equal protection claim. *See People v. Friesen*, 45 P.3d 784 (Colo.App.2001)(an equal protection violation occurs only when the person alleging disparate treatment is in fact similarly situated).

## II.

Defendant next contends that the parole board's power to revoke his mandatory parole constituted a violation of separation of powers. Specifically, he asserts that the parole board's power to "sentence" him by revoking his parole impinges on the power of the judiciary. We again disagree.

■ Defendant's contention is premised on the assumption that the revocation of mandatory parole converts the term of parole into a new prison sentence. However, reincarceration after a parole violation is incarceration on an already imposed sentence. *See People v. Luther, supra* (when defendant is reincarcerated on mandatory parole revocation, he is serving a revocation of parole period); *Martin v. People*, 27 P.3d 846 (Colo.2001)(offender who has completed his

sentence of incarceration has not discharged his sentence in its entirety); *People v. Lucero*, 772 P.2d 58 (Colo.1989)(defendant's release on parole in no way alters the fact that he is still under sentence); *People v. Perea, supra*, (offender is no longer serving a period of parole, but instead is serving a penalty period of confinement).

Accordingly, because defendant's parole revocation reincarceration does not constitute a new sentence, the power of the judiciary is not implicated.

## III.

Defendant also challenges as a violation of due process the parole board's "unlimited discretionary power" to impose the maximum length of reincarceration regardless of the severity of the infraction, as well as the lack of a specific schedule of penalties. We find no violation.

Initially, we note that the revocation of defendant's parole was not a discretionary act by the parole board. Under the relevant statutory scheme, the parole board "shall revoke the parole if requested to do so by the parolee." Section 17–2–103(9)(a), C.R.S. 2002. Although defendant's letter is not contained in the record, defendant concedes that he "self-revoked" his parole.

■ Nevertheless, defendant argues that, even if he consented to the revocation itself, the fact that the parole board had the discretion to reincarcerate him for the full time remaining on his period of parole, and did so, constitutes a violation of due process. Again, his argument is premised on the mistaken assumption that reincarceration following mandatory parole revocation constitutes a new sentence. Defendant reasons that circumscribed due process guarantees—otherwise acceptable in the context of revocation of discretionary parole—are inappropriate for revocation of mandatory parole because in the latter, the offender is facing "a new period of confinement separate and distinct from that of his original sentence to imprisonment."

But, as discussed, such reincarceration is not a new sentence and, therefore, under the circumstances here, provides no due process basis to limit the parole board's discretion to determine an appropriate penalty for a viola-

tion of mandatory parole, including the length of the period of reincarceration. *Cf. Martin v. People, supra* (an offender's reincarceration period for a parole violation is limited only by the parole board's statutory authority).

### IV.

Because the motion, the files, and the record clearly establish that defendant is not entitled to relief, we find no error by the court in summarily denying defendant's motions without appointing counsel or holding an evidentiary hearing. *See People v. Lopez,* 12 P.3d 869 (Colo.App.2000); *People v. Hartkemeyer,* 843 P.2d 92 (Colo.App.1992).

Additionally, because we have ruled that the court properly denied defendant's motions, the court's alleged failure to make more specific findings of fact and conclusions of law is harmless. *See People v. Russell,* 36 P.3d 92 (Colo.App.2001); *People v. Hartkemeyer, supra.*

The orders are affirmed.

Judge ROY and Judge WEBB concur.