The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
February 21, 2019

## 2019COA28

**No. 18CA0930, *People v. Melnick* — Criminal Procedure —
Postconviction Remedies — Unlawful Revocation of Parole,
Probation, or Conditional Release; Criminal Law — Rights of
Defendant — Postconviction remedy**

In this postconviction case, a division of the court of appeals
must determine whether a parolee who appeals his parole
revocation to the Appellate Board of the Colorado State Board of
Parole is thereafter barred from raising the same issues in the
district court pursuant to Crim. P. 35(c)(2)(VII) and section 18-1-
410(1)(h), C.R.S. 2018. Because section 17-2-201(4)(b), C.R.S.
2018, explicitly provides for postconviction judicial review of a claim
that parole was revoked illegally, the division concludes that any
claims raised in the parole board appeal do not constitute claims
that were raised, or could have been raised, in a prior appeal, and
thus are not successive under Crim. P. 35(c)(3)(VI), (VII). Because

the parolee asserted sufficient facts that, if true, may warrant relief,

he is entitled to a hearing.

COLORADO COURT OF APPEALS                                    **2019COA28**

Court of Appeals No. 18CA0930
Douglas County District Court No. 05CR426
Honorable Paul A. King, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Hunter Adam Melnick,

Defendant-Appellant.

ORDER AFFIRMED IN PART, REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE TOW
Taubman and Berger, JJ., concur

Announced February 21, 2019

Philip J. Weiser, Attorney General, Melissa D. Allen, Senior Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Hunter Adam Melnick, Pro Se

¶ 1     Defendant, Hunter Adam Melnick, appeals the trial court's denial of his Crim. P. 35(c) motion.  We affirm in part, reverse in part, and remand for a hearing on Melnick's challenges to his parole revocation.

## I.     Introduction

¶ 2     In 2006, Melnick pleaded guilty to sexual assault and two misdemeanors — third degree assault and menacing.  He received an aggregate sentence of thirty months in jail on the misdemeanors and a consecutive ten years to life on Sex Offender Intensive Supervision Probation (SOISP) on the sexual assault.

¶ 3     In 2009, after finding that Melnick violated the conditions of his probation, the trial court revoked Melnick's SOISP sentence and resentenced him to three years to life in the custody of the Department of Corrections (DOC).  A division of this court affirmed the order revoking the SOISP sentence and the imposition of the DOC sentence.  *See People v. Melnick*, (Colo. App. No. 09CA2713, Dec. 15, 2011) (not published pursuant to C.A.R. 35(f)).

¶ 4     At some point, Melnick was granted parole.  In November 2017, his parole officer filed a complaint to revoke his parole based on violations of its conditions.  After a hearing, Melnick's parole was

revoked, and he was remanded to the custody of the DOC for 540 days. The Appellate Board of the Colorado State Board of Parole (parole board) denied his appeal of that decision.

¶ 5 Melnick then filed a Crim. P. 35(c) motion, including several amendments, in which he asserted numerous claims relating to his parole revocation. The postconviction court denied the motion without a hearing, finding that the challenges Melnick raised in his appeal to the parole board were not properly brought pursuant to Crim. P. 35(c). The court further found that Melnick's remaining claims lacked a factual and legal basis. Melnick appeals the denial of his Rule 35(c) motion.

## II. Failure to Timely Consider Parole After Revocation

¶ 6 Melnick first contends that the parole board improperly refused to consider him for parole within 180 days after his parole was revoked, as required by section 17-2-201(14), C.R.S. 2018. We note that his opening brief is missing a page that, it would appear, contains the argument relevant to this issue.

¶ 7 Nevertheless, Melnick's contention is a challenge to the parole board's decision not to grant him parole — or, more specifically, not to grant him a parole hearing. Nothing in the text of Rule 35

encompasses this type of claim, and Colorado appellate courts have consistently declined to review such claims under that rule. *See In re Question Concerning State Judicial Review of Parole Denial*, 199 Colo. 463, 464-65, 610 P.2d 1340, 1341 (1980) (holding that "a person denied parole can seek judicial review only as provided by C.R.C.P. 106(a)(2)"); *People v. Huerta*, 87 P.3d 266, 267 (Colo. App. 2004) (holding that because the defendant's challenge was not to the legality of his sentence, but rather to an act by the DOC or the parole board, the claim was not cognizable under Crim. P. 35(a)). Thus, the postconviction court appropriately denied this claim as not within the purview of the rule.

### III.  Failure to Provide a Fair and Impartial Hearing

¶ 8    Melnick next asserts that his right to a fair and impartial parole revocation hearing was violated. He claims the hearing officer was biased because the written "Notice of Colorado Parole Board Action" form that memorialized the decision to revoke his parole was partially completed electronically and then printed five days before the revocation hearing. Thus, Melnick asserts that the hearing officer had prejudged the matter. Melnick also argues that

he was prevented from introducing evidence at the hearing and that potentially exculpatory evidence had been destroyed.

¶ 9    Initially, we note that unlike Melnick's first assertion, this challenge is aimed at the lawfulness of the revocation of his parole. This claim is explicitly governed by Rule 35(c)(2)(VII). *See White v. Denver Dist. Court*, 766 P.2d 632, 636 (Colo. 1988) (stating that a defendant's assertions that his constitutional rights were violated at a parole revocation hearing are cognizable under Crim. P. 35). Therefore, we reject the People's argument that this claim is a challenge to an action of the parole board and, thus, not cognizable under Crim. P. 35.

¶ 10    We review de novo a trial court's denial of a Rule 35(c) motion without a hearing. *People v. Gardner*, 250 P.3d 1262, 1266 (Colo. App. 2010).

¶ 11    We conclude that the district court erroneously applied the language of Crim. P. 35(c). The court concluded that Melnick's appeal to the parole board had the same preclusive effect that a direct appeal of a conviction would have. *See* Crim. P. 35(c)(3)(VI), (VII) (requiring the postconviction court to deny claims that were raised, or that could have been raised, in a prior appeal). However,

the parole statute explicitly provides for judicial review of parole revocation pursuant to section 18-1-410(1)(h), C.R.S. 2018. § 17-2-201(4)(b). If an appeal to the parole board were to preclude the pursuit of judicial review of the very same parole revocation procedures that were the subject of the appeal, section 17-2-201(4)(b)'s promise of judicial review would be illusory. We will not interpret a rule or statute in such a way as to make other statutory language superfluous. *People v. Burnett*, 2019 CO 2, ¶ 21. Thus, Melnick's postconviction challenge is not barred as successive merely because he appealed his parole revocation to the parole board.

¶ 12    Even if not time barred, a Rule 35 motion may be denied without a hearing if the motion, files, and record clearly establish that the defendant's allegations are without merit and do not warrant relief. *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003). Similarly, summary denial is appropriate where the allegations are "bare and conclusory in nature." *People v. Venzor*, 121 P.3d 260, 262 (Colo. App. 2005). On the other hand, a defendant need not set forth the evidentiary support for his or her allegations in a Rule 35

motion, but instead need only assert facts that if true would provide a basis for relief. *White*, 766 P.2d at 635.

¶ 13    Melnick asserted facts that, if true, may warrant relief. First, he asserted that the hearing officer had prejudged his case. In support, he points to the preprinted form of disposition. It is, of course, possible that the blank form was printed, but no disposition was actually filled in until after the hearing. Or it is possible, as Melnick intimates, that because this form is only needed in the event that the revocation allegations are sustained, the hearing officer did not need to print the form unless he knew he was going to use it. However, neither conclusion can be reached without the benefit of testimony from the hearing officer.

¶ 14    Second, Melnick asserts that he was denied the opportunity to present witnesses and evidence. In exhibits attached to his postconviction motion, Melnick identifies specific witnesses and the general subject of their testimony.

¶ 15    Third, he alleges that he was denied the benefit of potentially exculpatory evidence because the cell phone that contained such evidence was destroyed by law enforcement officials. He asserts that certain text messages on his phone would have corroborated

his claim that his supervisor at work had provided false information that led to his termination from employment, which in turn led to his parole revocation.

¶ 16    If these allegations were established following a hearing, the revocation of Melnick's parole may have been unlawful. Melnick is entitled to a hearing and the appointment of counsel to assist him at that hearing.

## IV.    Conclusion

¶ 17    Accordingly, the order is affirmed as to the denial of Melnick's challenge to the parole board's failure to provide him a new parole hearing within 180 days. The remainder of the order is reversed. The matter is remanded to the district court with instructions to appoint counsel for Melnick and conduct a hearing on Melnick's claims regarding the alleged improprieties in the revocation hearing.

JUDGE TAUBMAN and JUDGE BERGER concur.