22CA0743 Peo v Milligan 07-18-2024 COLORADO COURT OF APPEALS Court of Appeals No. 22CA0743 Adams County District Court No. 83CR702 Honorable Roberto Ramirez, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Michael N. Milligan, Defendant-Appellant. ORDER AFFIRMED Division V Opinion by JUDGE BROWN Harris and Lum, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 18, 2024 Philip J. Weiser, Attorney General, Emmy A. Langley, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Megan A. Ring, Colorado State Public Defender, Joseph Paul Hough, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant 
1 ¶ 1 Defendant, Michael N. Milligan, appeals the district court’s order denying his motion for postconviction relief. We affirm. I. Background ¶ 2 In 1984, Milligan was convicted after a jury trial of first degree sexual assault and first degree burglary. The district court sentenced him to the Department of Corrections (DOC) for a term totaling sixteen years. However, due to convictions in other counties, his mandatory release date was set in 2042. ¶ 3 In January 2019, Milligan was released on parole. Approximately six months later, the parole board filed a complaint alleging that Milligan had been terminated from sex offender treatment and community corrections, in violation of his parole conditions. After a hearing, Milligan’s parole was revoked, and he was remanded back to the DOC to serve the remainder of his sentence. ¶ 4 Milligan filed a pro se postconviction motion for “unlawful revocation of parole and reincarceration period.” He asserted that the parole board “exceeded its statutory authority” when it ordered him to be “reincarcerated in the [DOC] for the remainder of his sentence.” The district court denied the motion without a hearing. 
2 The court found that Milligan’s challenge was “to the Board of Parole’s actions” and because “Rule 35 challenges are not the correct avenue for a challenge to the actions of a Board of Parole” no relief could be provided. II. Analysis ¶ 5 Milligan claims that the district court reversibly erred when it denied his postconviction motion because he was subject to an illegal sentence that the court was obligated to correct — namely, the parole board’s misapplication of the statute governing reincarceration following revocation of his parole. He argues that the parole board should have applied section 17-22.5-303(2), C.R.S. 2023, which mandates reincarceration for not more than two years, as opposed to section 17-22.5-403(6), C.R.S. 2023, which allows for reincarceration for “any period of time up to the period remaining on such person's sentence.” The People assert that Milligan’s claim that he “shall not be returned to prison for more than two years” under section 17-22.5-303(2), was not preserved. However, we need not decide whether it was preserved because we do not perceive any error. 
3 ¶ 6 Milligan does not challenge the legality of the original sentence imposed. Rather, his claim challenges the actions of the parole board in determining his parole eligibility date following reincarceration after his parole was revoked. But courts have no jurisdiction to fix parole eligibility, which is a responsibility of the DOC. People v. Analya, 894 P.2d 28, 31 (Colo. App. 1994). As a result, such parole eligibility claims are not cognizable under the rules governing postconviction relief. See People v. Huerta, 87 P.3d 266, 267 (Colo. App. 2004); see also People v. Melnick, 2019 COA 28, ¶ 7. Instead, as the district court correctly recognized, Milligan’s claim lies in a separate civil action against the DOC or the State Board of Parole, neither of which is a party to this criminal proceeding. See Huerta, 87 P.3d at 267. ¶ 7 Accordingly, we conclude that the district court properly denied Milligan’s motion without a hearing. III. Disposition ¶ 8 The order is affirmed. JUDGE HARRIS and JUDGE LUM concur.