22CA0634 Peo v Milligan 08-01-2024 COLORADO COURT OF APPEALS Court of Appeals No. 22CA0634 City and County of Denver District Court No. 83CR2146 Honorable Martin F. Egelhoff, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Michael Milligan, Defendant-Appellant. ORDER AFFIRMED Division V Opinion by JUDGE HARRIS Brown and Lum, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 1, 2024 Philip J. Weiser, Attorney General, Emmy A. Langley, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Megan A. Ring, Colorado State Public Defender, Joseph Paul Hough, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant 
1 ¶ 1 Defendant, Michael Milligan, appeals the district court’s order denying his motion for postconviction relief. We affirm. I. Background ¶ 2 In September 1984, a jury convicted Milligan of first degree sexual assault, second degree burglary, and a crime of violence sentence enhancer for his use of a deadly weapon. The district court sentenced him to the Department of Corrections (DOC) for a term totaling twenty-four years, to be served consecutively to any other previously imposed sentences. ¶ 3 In January 2019, Milligan was released on parole. Approximately six months later, the parole board filed a complaint alleging that Milligan had been terminated from sex offender treatment and community corrections in violation of his parole conditions. These terminations occurred after Milligan was found in possession of “items related to his previous sexually assaultive behaviors,” including used women’s underwear, rubber gloves, rope, wire, lubricant, and pantyhose. After a hearing, Milligan’s parole was revoked, and he was remanded back to the custody of the DOC to serve the remainder of his sentence. 
2 ¶ 4 Milligan filed a pro se Crim. P. 35(c) motion for “unlawful revocation of parole” asserting, among other things, that (1) his parole was unlawfully revoked because the revocation was based on a condition (participation in sex offender treatment) that was not lawfully imposed; and (2) his reincarceration for the remainder of his original sentence was improper. ¶ 5 The district court appointed counsel and held a nonevidentiary hearing. After the hearing, the court denied the motion in a written order. The court found, as relevant here, that (1) sex offender treatment “was mandated as a condition of parole” pursuant to section 17-2-201(5)(e), C.R.S. 2023; and (2) “the hearing officer and the parole board correctly applied [the statute,] and the determination to resentence [Milligan] for the remainder of his term was within the board’s discretion.” II. Discussion ¶ 6 Milligan asserts that the district court reversibly erred when it denied his postconviction motion because (1) he was not lawfully required to participate in sex offender treatment and therefore, his parole revocation on this basis was unlawful; and (2) the parole board applied the wrong statute when it calculated his release date 
3 following his parole revocation.
1 Because we disagree with Milligan’s first assertion and his second assertion is not properly before us, we affirm the court’s order. A. Unlawful Revocation of Parole Claim ¶ 7 Milligan argues that because he was not lawfully required to participate in sex offender treatment while on parole, his parole revocation on this basis was unlawful. We are not persuaded. ¶ 8 Crim. P. 35(c) permits a defendant to petition for postconviction relief on the basis that his parole has been unlawfully revoked. Crim. P. 35(c)(2)(VII); see also People v. Harper, 111 P.3d 482, 486 (Colo. App. 2004) (“[A]ppropriate grounds for postconviction relief under Crim. P. 35(c) include allegations of unlawful revocation of parole.”). ¶ 9 Ordinarily, when we review the denial of a Crim. P. 35(c) motion following a hearing, we defer to the district court’s findings 1 The claims raised in the postconviction motion but not reasserted on appeal — namely, that (1) the parole board exceeded its authority by impermissibly delegating decisions about treatment to a community supervision team; (2) Milligan’s liberty on parole was unlawfully restricted by the requirement that he participate in treatment; and (3) he was not afforded due process during his revocation hearing — are deemed abandoned. See People v. Osorio, 170 P.3d 796, 801 (Colo. App. 2007). 
4 of fact unless they are so clearly erroneous as to find no support in the record, and we review its legal conclusions de novo. Sanchez-
Martinez v. People, 250 P.3d 1248, 1254 (Colo. 2011). However, because no evidence was presented at the hearing on Milligan’s motion, our review is de novo. People v. Melnick, 2019 COA 28, ¶ 10. ¶ 10 Relying on section 17-2-201(5)(e), the district court found that sex offender treatment was mandated as a condition of Milligan’s parole. Section 17-2-201(5)(e) states: As a condition of parole of every person convicted of the class 2 felony of sexual assault in the first degree under section 18-3-
402(3), C.R.S., for an offense committed prior to November 1, 1998, the board shall require that the parolee participate in a program of mental health counseling or receive appropriate treatment to the extent that the board deems appropriate to effectuate the successful reintegration of the parolee into the community. ¶ 11 Milligan asserts that this provision does not apply to him because it refers to section 18-3-402(3), C.R.S. 2023, which, in its current iteration, describes the circumstances under which sexual assault is a class 6 felony — when the victim is between fifteen and seventeen years old and the defendant is at least ten years older. 
5 As Milligan correctly points out, he was not convicted of a class 6 felony involving a minor. ¶ 12 Subsection (5)(e) was enacted in 1985. See Ch. 151, sec. 4, § 17-2-201, 1985 Colo. Sess. Laws 667. In 1998, the legislature amended that subsection, making it applicable to anyone convicted of “the class 2 felony of sexual assault in the first degree under section 18-3-402(3), C.R.S., for an offense committed prior to November 1998.” See Ch. 303, sec. 10, § 17-2-201, 1998 Colo. Sess. Laws 1291. And at that time, section 18-3-402(3) described the circumstances under which sexual assault was a class 2 felony, including the circumstance applicable to Milligan’s conviction — where “[t]he actor is armed with a deadly weapon and uses the deadly weapon to cause submission of the victim.” § 18-3-402(3)(c), C.R.S. 1998. ¶ 13 The legislature subsequently amended section 18-3-402(3) to refer to the class 6 felony offense of sexual assault involving a minor, but it never updated subsection (5)(e) with the new section number for sexual assault in the first degree. See Ch. 171, sec. 18, § 18-3-402, 2000 Colo. Sess. Laws 698-700. However, the offense named in subsection (5)(e) — “class 2 felony of sexual assault in the 
6 first degree” — remains the same and is the offense of which Milligan was convicted. Therefore, section 17-2-201(5)(e) mandated treatment as a condition of Milligan’s parole. ¶ 14 But even if subsection (5)(e) does not apply, the parole board had authority to impose sex offender treatment as a condition of Milligan’s parole. “The purpose of parole . . . is to reintegrate offenders into society while still protecting public safety.” Harper, 111 P.3d at 485. To accomplish this purpose, the parole board may subject an offender to specific conditions for the duration of parole to assure that parole “serves as a period of genuine rehabilitation and that the community is not harmed by the [parolee’s] being at large.” People v. McCullough, 6 P.3d 774, 780 (Colo. 2000) (quoting Griffin v. Wisconsin, 483 U.S. 868, 875 (1978)); see People v. Barber, 74 P.3d 444, 446 (Colo. App. 2003) (“[T]he parole board has authority to establish the conditions of parole.”). Section 17-2-
201(5)(f)(I) gives the parole board authority to establish “such parole conditions as [it] deem[s] appropriate,” and requires the parolee to “abide by any . . . condition the board may determine to be necessary.” 
7 ¶ 15 One such condition of parole, which serves the dual purpose of rehabilitation and protection of the public, is sex offender treatment. See Doe v. Heil, 781 F. Supp. 2d 1134, 1140-43 (D. Colo. 2011) (discussing the strong and legitimate state interest in treating and rehabilitating sex offenders), aff’d, 533 F. App’x 831 (10th Cir. 2013). Consequently, requiring sex offender treatment as a condition of parole to rehabilitate a defendant and protect the public is within the purview of the parole board’s discretionary authority. See Christensen v. People, 869 P.2d 1256, 1259 (Colo. 1994) (stating, in reference to a sex offender sentenced in 1976, that “if the parole board determines an inmate is in need of further treatment, it can condition parole upon participation in a sex offender treatment program”). ¶ 16 Because the parole board could condition Milligan’s parole on participation in and successful completion of a sex offender treatment program, it could lawfully revoke his parole for a violation of that condition. Consequently, we conclude that the district court properly denied this claim. 
8 B. Reincarceration Claim ¶ 17 Next, Milligan argues that the parole board applied the wrong statute when it calculated his release date following his parole revocation. He says that the parole board should have applied section 17-22.5-303(2), C.R.S. 2023, which mandates reincarceration for not more than two years, as opposed to section 17-22.5-403(6), C.R.S. 2023, which allows for reincarceration for “any period of time up to the period remaining on such person’s sentence.” ¶ 18 Milligan does not challenge the legality of the original sentence imposed. Rather, his claim challenges the actions of the parole board in determining his parole eligibility date following reincarceration after his parole was revoked. Courts have no jurisdiction to fix parole eligibility, which is a responsibility of the DOC. People v. Analya, 894 P.2d 28, 31 (Colo. App. 1994). As a result, such parole eligibility claims are not cognizable under the rules governing postconviction relief. See People v. Huerta, 87 P.3d 266, 267 (Colo. App. 2004); see also Melnick, ¶ 7. Instead, Milligan’s claim lies in a separate civil action against the DOC or the State Board of Parole, neither of which is a party to this criminal 
9 proceeding. See Huerta, 87 P.3d at 267. Accordingly, we conclude that the district court properly denied this claim as well, though we rest our conclusion on different grounds. See People v. Back, 2013 COA 114, ¶ 20. III. Disposition ¶ 19 The order is affirmed. JUDGE BROWN and JUDGE LUM concur.