24CA0366 Peo v Gonzalez 11-27-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0366
Crowley County District Court No. 19CR13
Honorable Samuel S. Vigil, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Alfredo P. Gonzalez,

Defendant-Appellant.

---

ORDER AFFIRMED

Division III
Opinion by JUDGE DUNN
Gomez and Hawthorne*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 27, 2024

---

Philip J. Weiser, Attorney General, Carmen Moraleda, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Alfredo P. Gonzalez, Pro Se

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    Defendant, Alfredo P. Gonzalez, appeals the postconviction court's order denying his Crim. P. 35(a) motion.  We affirm.

## I.    Background

¶ 2    Gonzalez pleaded guilty to a class 5 felony, and the district court sentenced him to a stipulated one-year prison sentence with two years of mandatory parole, consecutive to any sentence Gonzalez was already serving.

¶ 3    Gonzalez later filed a pro se motion to correct an illegal sentence under Rule 35(a), arguing that the Department of Corrections (DOC) had illegally changed his two-year parole term to a five-year parole term.  In support, Gonzalez attached a report that, in his view, showed a five-year parole term.

¶ 4    The prosecution countered that (1) Gonzalez's sentence was legal because it was within the statutory range, and (2) the court lacked authority to resolve a challenge to the DOC's application of Gonzalez's "periods of parole."

¶ 5    The postconviction court denied the motion, concluding that Gonzalez's one-year sentence was within the statutory range and that the mandatory two-year parole period was required by statute.

## II.    Discussion

¶ 6     Gonzalez appeals the postconviction court's order, contending that the court misconstrued his argument.  He explains that his challenge wasn't to the controlling sentence but to the parole term.  Gonzalez asks us to order the DOC "to apply the correct period of parole."

¶ 7     A sentence is not authorized by law, and therefore illegal, when it's inconsistent with the sentencing scheme established by the legislature.  *People v. Bice*, 2023 COA 98, ¶ 12.  Illegal sentence claims include mandatory parole challenges.  *See Hunsaker v. People*, 2021 CO 83, ¶ 19.

¶ 8     The district court sentenced Gonzalez to a mandatory two-year parole term, and the mittimus reflects that term.  Because the mandatory parole term is entirely consistent with the statute, *see* § 18-1.3-401(1)(a)(V)(A), C.R.S. 2024, the parole term is authorized by law and therefore legal.

¶ 9     To the extent Gonzalez argues that the DOC — not the sentencing court — imposed the "wrong parole sentence," that's not a challenge to the sentence.  Rather, it's a challenge to the DOC's actions.  And a claim that the DOC is applying the wrong parole

term must be brought directly against the DOC (or the state parole board).  *See People v. Huerta*, 87 P.3d 266, 267 (Colo. App. 2004); *accord People v. Melnick*, 2019 COA 28, ¶ 7.  Because a challenge to the DOC's actions is not cognizable under Rule 35(a), we lack authority to review this contention.  *See Melnick*, ¶ 7.

¶ 10 And, finally, insofar as Gonzalez raises issues that he did not raise to the postconviction court — for example, those grounded in his political views — we decline to address them for the first time on appeal.  *See People v. Cali*, 2020 CO 20, ¶ 34 ("[A]lthough we will broadly construe a pro se litigant's pleadings to effectuate the substance, rather than the form, of those pleadings, we will not consider issues not raised before the district court in a motion for postconviction relief.").

## III. Disposition

¶ 11 We affirm the order.

JUDGE GOMEZ and JUDGE HAWTHORNE concur.